## 29096. HILTON v. THE STATE.

HALL, Justice.

Defendant appeals from his conviction for murder by shooting and killing the victim with a pistol and from the denial of his motion for new trial. The appeal presents two enumerations of error.

1. Defendant contends his character was placed into evidence by the manner in which his photographs were tendered for admission without his first introducing evidence of his good character or reputation. The transcript shows that a police officer, testifying on the manner in which he conducted a pictorial lineup, stated that he had obtained the photographs from the department's "identification section" and that witnesses of the shooting identified the defendant from one of the photographs as having been the person who fatally shot the victim. Defense counsel objected and moved for a mistrial which was overruled. We find no reversible error. The transcript contains no evidence that the police photographs showed to the witnesses contained any indication that the defendant had been guilty of any prior crimes. Further, there is no indication that the witnesses

learned from the photographs that the defendant had any prior criminal record. The photographs were never shown to the jury, nor were they introduced into evidence. See *Creamer v. State,* 229 Ga. 704 (194 SE2d 73); *Tanner v. State,* 228 Ga. 829 (188 SE2d 512); *Cooper v. State,* 182 Ga. 42 (184 SE 716, 104 ALR 1309).

2. The other point here enumerates as error a sentence in the charge that "a person also commits the crime of murder where, in the commission of a felony he causes the death of another human being irrespective of malice." There was no evidence of an independent felony other than the homicide. The court fully instructed the jury on the definition of murder applicable in this case. Code Ann. § 26-1101 (a). Also in the charge immediately following that quoted above, the court properly limited the jury's deliberation to murder committed with malice aforethought, either express or implied. Before a charge will constitute reversible error, the charge in question must be viewed in regard to the charge as a whole. *Domingo v. State,* 212 Ga. 342 (92 SE2d 520). In our opinion the charge, when viewed as a whole, shows no harmful error. *Pippin v. State,* 205 Ga. 316 (9) (53 SE2d 482); *Gentry v. State,* 129 Ga. App. 819 (3) (201 SE2d 679).

*Judgment affirmed. All the Justices concur.*

SUBMITTED AUGUST 16, 1974 — DECIDED OCTOBER 8, 1974.

*Jacques O. Partain, III,* for appellant.

*Lewis R. Slaton, District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Deputy Assistant Attorney General,* for appellee.

