## 51999. DUNCAN v. THE STATE.

EVANS, Judge.

Defendant was indicted for the possession of a Georgia controlled substance (amphetamines), and in Count 2 for possession of dangerous drugs (chlordiazepoxide, diazepam and hydroxyzine). He was also separately indicted for the sale of three tablets of amphetamines. He was convicted and sentenced to serve 10 years; that is, 5 years on the two counts of possession to be served on probation and 5 years for the sale of amphetamines to be served on probation, that is, after he had served 12 months in the Cherokee County Works Camp and to pay a $500 fine at the rate of $25 per month through the probation office. Defendant appeals. *Held:*

The sole basis of the appeal is based on an illegal search without a warrant as to a motor vehicle driven by the defendant at the time of his arrest. Some old coins were stolen by two minors (male) who then used the coins to purchase some pills from the defendant. The minors were taken into custody and informed the police officers that they had used some of the coins to purchase the pills (amphetamines). One of the minors was taken with the police officers to locate the person who sold the pills to the minors (the defendant). He was located at a skating rink where he was standing next to his automobile and was there arrested. Some of the confiscated drugs were taken off his person and some were taken from the glove compartment of his automobile. The old coins were found on his person. It is necessary that the officer have legal evidence of a suspected act (although in this instance he had amphetamines which were sold by the defendant) and it was not necessary that he be convinced of the violation of the law beyond a reasonable doubt. It is only necessary that the facts which come to the officer's attention would lead a reasonably discreet and prudent person, in the same circumstances, to believe that contraband was illegally possessed and to authorize a warrantless search of defendant and his automobile. See in this connection *Underhill v. State,* 129 Ga. 65, 68 (198 SE2d 703); *Johnson v. State,* 126 Ga. App. 93, 94 (189 SE2d 900); *Gondor v. State,* 129 Ga. App. 665 (1) (200 SE2d 477). The arresting

officer had reasonable cause to search the defendant and the automobile which contained other contraband. See Carroll v. United States, 267 U. S. 132, 158 (45 SC 280, 69 LE 543); Chambers v. Maroney, 399 U. S. 42 (90 SC 1975, 26 LE2d 419); *Meneghan v. State,* 132 Ga. App. 380 (2) (208 SE2d 150); *Vaughn v. State,* 126 Ga. App. 252, 255 (190 SE2d 609).

*Judgment affirmed. Pannell, P. J., and Marshall, J., concur.*

SUBMITTED APRIL 7, 1976 — DECIDED APRIL 19, 1976.

*Jenkins & Landrum, T. K. Floyd,* for appellant.
*C. B. Holcomb, District Attorney, Frank C. Mills, III,* for appellee.