## 31290. HUDSON v. THE STATE.

INGRAM, Justice.

This appeal is from appellant's conviction in the Superior Court of Early County for the offense of murder. Appellant received a sentence of life imprisonment in the penitentiary.

The material facts in the case are not in dispute. On the afternoon of December 13, 1974, appellant entered the victim's place of business to visit his ex-wife who was employed there as a bookkeeper. After some conversation, appellant and his ex-wife went into the victim's office and appellant closed the office door. Appellant threatened to kill the victim. Shots were fired. Appellant emerged from the office with a gun in his hand and left the premises. He was apprehended a few minutes later with the gun still in his possession. Subsequently, after being given Miranda warnings, appellant voluntarily admitted the shooting. Ballistics tests showed that the bullets recovered from the victim's body had been fired from appellant's gun.

In his first enumeration of error appellant urges reversal of his conviction on the ground that material evidence, prejudicial to the defense, was withheld from him by the state. The basis for this enumeration is the testimony of a Georgia Bureau of Investigation agent concerning a statement apparently made by appellant during the investigation of the homicide. The agent testified that: "He [appellant] said that his ex-wife and Tom [the victim] had planned to go to Albany and he just couldn't stand it." Appellant argues that this statement was material and was prejudicial to him as an admission that rebutted appellant's defense theory that the homicide was committed to prevent an impending act of adultery. Appellant urged at trial that he and his ex-wife had established a common law marriage subsequent to their divorce. He now argues on appeal that the state should have informed him that it expected to use this testimony by the GBI agent.

Appellant does not specifically argue that the prosecutor violated the rule stated in Brady v. Maryland, 373 U. S. 83 (1968). Actually, the entire *written* investigative report was furnished to appellant pursuant

444

to a Brady motion. However, nothing was said in the written report about this subsequent testimony of the GBI agent. Consequently, appellant's argument is that since his statement was not included in the written report, it was withheld from the defense. Thus, in essence, appellant contends that the state violated an unstated due process concept of fair play at the trial. We think that the Brady rule adequately protects the rights of the accused from prosecutorial unfairness and is the standard that must be applied to the state's conduct in this case.

The Brady rule applies to the suppression of favorable evidence which is material to guilt or punishment. Moore v. Illinois, 408 U. S. 786, 794 (1972); Brady, supra, p. 87. What is involved here is an unfavorable admission by the appellant. The defense had ample opportunity to cross examine the GBI agent on this point and to attempt to impeach him as a witness. Furthermore, the omission of this statement from written reports which were provided the defense did not violate appellant's right to a fair trial since it was a statement made by the appellant himself. *Tarpkin v. State,* 236 Ga. 67, 69 (222 SE2d 364) (1976). We find no merit in this enumeration of error.

In his second enumeration of error, appellant contends that the trial court erred in permitting the state to place his character into evidence by allowing testimony before the jury of a prior arrest of appellant. The testimony at issue was elicited from appellant's ex-wife on redirect examination. It concerned an argument that she had with appellant about the victim which had resulted in her calling the police to have appellant removed from her home. The incident occurred within the two-week period preceding the present homicide. We see no error. This testimony was material evidence as it tended to refute appellant's contention that he and his ex-wife were living as man and wife and also illustrated appellant's state of mind. Material evidence is not rendered inadmissible merely because it incidentally places a defendant's character in issue. *Davis v. State,* 230 Ga. 902, 905 (199 SE2d 779)(1962). This contention is without merit.

In his third enumeration appellant argues the trial

judge committed reversible error in his charge to the jury. That portion of the charge complained of is: "When the facts of evidence and all reasonable deductions therefrom, present two theories, one of the defendant's guilt and the other consistent with his innocence, the theory which points to his innocence must be accepted. In that connection, I charge you that the theory of innocence must be equal to or greater than the theory of guilt, I remind you again that the burden is on the state to prove the defendant's guilt beyond all reasonable doubt."

Appellant contends that this charge was an incorrect statement of the law and was misleading and confusing to the jury. When this instruction is viewed in the context of the total charge (*Hilton v. State*, 233 Ga. 11, 12 (209 SE2d 606) (1974); *Spencer v. State*, 231 Ga. 705, 707 (203 SE2d 856) (1974)), and in the light of the evidence presented at trial (*Robinson v. State*, 232 Ga. 123, 128 (205 SE2d 210) (1974)), we find no error. This enumeration of error is without merit.

In his final enumeration of error, appellant contends that it was reversible error for the trial court to permit the state's sequestered witnesses to return to the courtroom during the closing argument by the defense. The record indicates that upon appellant's objection the witnesses left the courtroom. Nonetheless, appellant argues that this was so prejudicial as to require reversal. We do not agree, as we find no abuse of discretion by the trial judge. See *Jarrell v. State*, 234 Ga. 410, 420 (216 SE2d 258) (1975). In this case, there could be no harm to appellant as all the evidence in the case had been completed at the time the witnesses returned to the courtroom.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 12, 1976 — DECIDED SEPTEMBER 7, 1976.

*Bowles & Bowles, Jesse G. Bowles,* for appellant.

*John R. Irwin, District Attorney, Smith, Geer, Brimberry & Kaplan, Peter Zack Geer, Daniel MacDougald, III, Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Staff Assistant Attorney General,* for appellee.