## 32148. JACKSON v. THE STATE.

JORDAN, Justice.

Appellant was tried by a jury for murder in the shooting death of Ernest Brown. The jury returned a verdict of guilty and, the state not having sought the death penalty, appellant was sentenced to life imprisonment. In his appeal, Jackson enumerates seven errors.

1. The first enumeration of error alleges that the trial court erred in failing to charge, without request, the law applicable to voluntary manslaughter.

Appellant's contention that our decision in *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354) (1976), should not apply to murder prosecutions where there is evidence of voluntary manslaughter was rejected in *Graham v. State,* 236 Ga. 378, 384 (223 SE2d 803) (1976) and *Mitchell v. State,* 238 Ga. 420 (233 SE2d 173) (1977). It is clear that the rule set forth in *Reeves v. State,* 234 Ga. 896 (218 SE2d 625) (1975); *Williams v. State,* 232 Ga. 203 (206 SE2d 37) (1974); *Banks v. State,* 227 Ga. 578, 580 (182 SE2d 106) (1971), and similar cases both by this court and the Court of Appeals, to the effect that the trial court must charge, *even without request,* the law of voluntary manslaughter whenever there is some evidence to support such a charge, will no longer be followed. These cases, to the extent they conflict with *State v. Stonaker,* supra, and *Mitchell v. State,* supra, are overruled.

Appellant correctly points out that under *Stonaker,* the trial judge may, in his discretion, and without request, give a charge on a lesser crime of that included in the indictment or accusation. *State v. Stonaker,* supra, at 2. From this, he claims that the court may commit reversible error if his failure to give such a charge amounts to an abuse of discretion. This contention is without merit. *Stonaker* clearly provides that the *failure* to charge on a lesser included offense, without request, is not error.

2. The trial court's charge on circumstantial evidence omitted the language that "if the theory [hypothesis] of the defendant's innocence is as reasonable as that of his guilt, the defendant should be acquitted." The appellant made no request for a fuller charge on

circumstantial evidence, and made no objection to the charge as given. The omission was not clearly harmful and erroneous as a matter of law, and therefore was not error. *Spear v. State,* 230 Ga. 74 (195 SE2d 397) (1973).

3. In charging the law relative to justification, the trial court included the principle, found in Code Ann. § 26-902 (b) (1) (Ga. L. 1968, pp. 1249, 1272), that a person is not justified in using force under the circumstances set forth in Code Ann. § 26-902 (a) where he initially provokes the use of force against himself in order to use that use of force as an excuse to harm another. Appellant's third enumeration of error complains that this principle was inapplicable to this case and therefore the charge confused and misled the jury and amounted to an expression of opinion by the trial court. There was direct evidence that shortly before entering the place where the shooting occurred, appellant, who had a pistol under his belt, told a friend that he was going to kill the victim. There was also evidence that immediately before the shooting, the appellant interrupted a domestic dispute between the victim and the victim's wife. The evidence authorized the charge.

4. Enumerations of error four and five complain that, in charging on justification, the trial court instructed the jury that the applicable standard was whether the circumstances were such that they would excite the fears of a reasonable man, and not merely the fears of the appellant. This is, and has long been, the law in this state. *Moore v. State,* 228 Ga. 662 (187 SE2d 277) (1972).

5. Enumeration of error six complains that the court's charge on justification prohibited the jury from finding the homicide justified if the appellant acted as a reasonable man in defense of a third person. The charge, viewed as a whole (*Hilton v. State,* 233 Ga. 11 (209 SE2d 606) (1974)), contained no harmful error, as the trial judge clearly charged, at three different points, the correct law on defense of a third person.

6. The last enumeration of error is the general grounds, and is without merit. There was eyewitness testimony and an admission by appellant that he shot the victim. The evidence gave ample support for the verdict.

*Judgment affirmed. All the Justices concur, except Ingram and Hall, JJ., who concur specially.*

ARGUED APRIL 12, 1977 — DECIDED MAY 13, 1977.

*Robert E. Andrews,* for appellant.

*Jeff C. Wayne, District Attorney, James H. Whitmer, Assistant District Attorney, Arthur K. Bolton, Attorney General, Susan V. Boleyn, Staff Assistant Attorney General,* for appellee.

HALL, Justice, concurring specially in Division 1.

I agree that *"Stonaker* clearly provides that the *failure* to charge on a lesser included offense, without request, is not error." However, it should be noted that this failure does not preclude this court from granting a new trial "where the omission is clearly harmful and erroneous as a matter of law in that it fails to provide the jury with the proper guidelines for determining guilt or innocence." *Spear v. State,* 230 Ga. 74, 75 (195 SE2d 397) (1973). In my opinion, this case does not come within the above exception.

I am authorized to state that Justice Ingram joins in this special concurrence.