31781. BRAMBLETT v. THE STATE.

HILL, Justice.

The Court of Appeals affirmed the conviction of the defendant after his retrial for theft by taking. *Bramblett v.*

*State,* 139 Ga. App. 745 (229 SE2d 484) (1976). Certiorari was granted to consider the timeliness of demurrers filed before retrial and the consequences of Connally v. Georgia, — U. S. — (97 SC 546, 50 LE2d 444), which was decided after the decision of the Court of Appeals.

1. After defendant's first conviction was reversed (*Bramblett v. State,* 135 Ga. App. 770 (219 SE2d 26) (1975)), and before the commencement of the second trial, he filed a general demurrer on the ground that the indictment failed to set forth acts which constituted a crime and a special demurrer on the ground that the indictment was vague, indefinite and uncertain in describing the property allegedly taken. The trial court overruled the demurrer. The Court of Appeals upheld the ruling of the trial court reasoning that the demurrers were not timely when filed after the defendant had pleaded to the merits of the indictment at his arraignment before the first trial. *Bramblett v. State,* 139 Ga. App. 745, supra.

A general demurrer challenges the sufficiency of the substance of the indictment, whereas a special demurrer challenges the sufficiency of the form of the indictment. *Gilmore v. State,* 118 Ga. 299 (1) (45 SE 226) (1903); *Lampkin v. State,* 87 Ga. 516 (1) (13 SE 523) (1891); *Coffee v. State,* 219 Ga. 328 (1) (133 SE2d 590) (1963); see also *Hohenstein v. State,* 126 Ga. 536 (55 SE 238) (1906).[1] The Civil Practice Act, enacted in 1966, abolished demurrers in civil cases, Code Ann. § 81A-107 (c). The criminal procedure laws of this state, which retain demurrers to this day (Code Ann. § 27-1501), have not been updated in over 100 years.

According to Code §§ 27-1501 and 27-1601, all demurrers to the form of the indictment (i.e., special demurrers) must be made at or before arraignment. Special demurrers not made at or before arraignment are waived. *Frady v. State,* 212 Ga. 84 (1) (90 SE2d 664) (1955); *Burns v. State,* 191 Ga. 60, 63 (11 SE2d 350) (1940). Thus it has been held that special demurrers made

_____

[1] Thus, demurrers in criminal cases are not unlike demurrers in civil cases. Ga. Procedure and Practice, § 9-2 (1957).

after the grant of a new trial are untimely. *Burns v. State,* supra.

A challenge to the sufficiency of the substance of the indictment can be made after trial by means of a motion in arrest of judgment. *White v. State,* 93 Ga. 47 (1) (19 SE 49) (1893); *Gibson v. State,* 79 Ga. 344 (2) (5 SE 76) (1887); *Boswell v. State,* 114 Ga. 40 (39 SE 897) (1901); *Hill v. Nelms,* 122 Ga. 572 (1) (50 SE 344) (1905); *Gilmore v. State,* supra.

Because a motion in arrest of judgment can be made after trial to challenge the substance of an indictment, it follows that a general demurrer can be made before retrial to challenge the substance of the indictment. See *Mitchell v. State,* 225 Ga. 656 (1) (171 SE2d 140) (1969).[2] The defendant's general demurrer filed in this case was not untimely.

However, the indictment closely follows the statutory definition of the offense. Code Ann. § 26-1802 (a). It clearly charges the defendant and specifies the date and county of the offense, the property taken, its value and its owner. No other substantive deficiencies have been urged by defendant. The trial court did not err in refusing to dismiss the indictment on general demurrer. *Ramsey v. State,* 212 Ga. 381 (1) (92 SE2d 866) (1956); *Robbins v. State,* 119 Ga. 570 (1) (46 SE 834) (1904).

2. The defendant urges that the Court of Appeals improperly found that a warrant was not required for the seizure of a van in a driveway and urges that a warrant

---

[2] The inference in *Rucker v. State,* 114 Ga. 13, 14 (39 SE 902) (1901), and *Reddick v. State,* 149 Ga. 822 (102 SE 347) (1919), that after pleading to the merits, a defendant cannot question the substance of the indictment until after conviction, have not been followed. As was said in *Gilmore v. State,* 118 Ga. 299, 300 (45 SE 226) (1903): "If, however, the indictment or accusation is so defective that judgment upon it would be arrested, attention may be called to this defect at any time during the trial. . ." The case of *Bryant v. State,* 224 Ga. 235 (161 SE2d 312) (1968), did not involve demurrers, as demurrers are directed to defects which appear on the face of the indictment.

which was subsequently obtained to search the seized van was invalid under Connally v. Georgia, supra. The circumstances of the seizure are set forth in *Bramblett v. State,* 139 Ga. App. 745, supra, and are briefly summarized here.

As part of an ongoing investigation of several suspected carpet thefts in the area, government authorities received reports from a company of instances of missing yarn. In response to a tip from a reliable informant, government authorities approached the company's premises at about 11:30 p.m. The agents began following a van whose description and out-of-state license corresponded with information given by the informant. The van, which had transparent windows, was empty when it stopped at the guard house before entering the manufacturer's premises, and it was full when it departed 90 minutes later. The guard made no effort to stop the van on its departure. The agents, aware that no property was authorized to depart the company that night, followed the van until it stopped in a driveway of a private residence. The agents quickly arrested the defendant, who was driving, and his passenger. This passenger, the defendant's brother, lived in the house where the van had stopped. At this point the agents identified the contents of the van as cartons for yarn. The agents seized the van and had it removed to the station house. A search warrant was obtained from a justice of the peace, and eleven cases of yarn were taken from the van.

Both the trial court and the Court of Appeals properly found probable cause for the arrest of the defendant and for the search of the van. There were sufficient facts from which the agents could reasonably believe that a crime had occurred in which the defendant had participated and that fruits of the crime were inside the van. Draper v. United States, 358 U. S. 307 (79 SC 329, 3 LE2d 327) (1959). The warrantless entry by the agents onto the premises for the purpose of arresting defendant is not barred by the Fourth Amendment. Ker v. California, 374 U. S. 23 (83 SC 1623, 10 LE2d 726) (1963); see also United States v. Watson, 423 U. S. 411 (96 SC 820, 46 LE2d 598) (1976); Gerstein v. Pugh, 420 U. S. 103 (95 SC 854, 43 LE2d 54) (1975).

At the outset we must decide whether the warrantless seizure of the van fits an exception to the warrant requirement of the Fourth Amendment, be it a search incident to lawful arrest, the plain view doctrine, or the automobile or Carroll doctrine. Without eliminating the possible applicability of the former two, we will examine the latter doctrine as it is the one argued by the parties.

Defendant contends that a search warrant was required in accordance with Coolidge v. New Hampshire, 403 U. S. 443 (91 SC 2022, 29 LE2d 564) (1971), before the agents could constitutionally seize the van in the driveway. The Supreme Court found that in the circumstances of the seizure in the Coolidge case, no exigency excused the usual requirement that the authorities obtain a warrant. Coolidge found that the requisites of the Carroll doctrine (Carroll v. United States, 267 U. S. 132 (42 SC 280, 69 LE 543) (1926)), which permits warrantless searches of vehicles in some situations, did not obtain in the particular circumstances of the Coolidge case. Coolidge, supra, at 458-464.

We find the circumstances of the case presently under consideration to be very different from the circumstances which led to the improper seizure and search in Coolidge. Before the authorities in Coolidge arrived on the premises they had obtained a search warrant which was subsequently determined to be invalid. There is no indication that the agents in the present case had an opportunity to obtain a warrant prior to the time they followed the van into the driveway and arrested the defendant. In Coolidge there was no suggestion that on the night in question the car was being used for any illegal purpose or that it contained stolen goods. In the case at hand there was probable cause to believe that the van contained stolen merchandise. The defendant in Coolidge resided at the premises from which his car was taken, and the police were aware that there would be no one else on the premises who could remove the car. In the present case the defendant was driving a van with out-of-state tags and the informant had said he had a business in that neighboring state. In Coolidge the authorities did not arrest the driver as he alighted from

the car.

It is clear that if the van had been stopped by the officers before it pulled into the driveway, it could have been seized under Carroll. The fact that it had stopped in the driveway does not necessarily bring it under Coolidge. The agents who seized the van in this case were aware that several carpet thefts had occurred recently in the area, were aware that the two arrested men could not process yarn into carpet without the assistance of others, and were aware that a third man, the guard, knew that the loaded van had left the manufacturer's premises. They did not know whether the house where the van was located was occupied. Thus they could reasonably have concluded that the van and its contents could be removed if left unattended. The requirements of the Carroll doctrine as set forth in Chambers v. Maroney, 399 U. S. 42, 50-52 (90 SC 1975, 26 LE2d 419) (1970), were fulfilled in the case now before us and the seizure of the van did not infringe any constitutional rights of the defendant. Carlton v. Estelle, 480 F2d 759 (5th Cir. 1973); United States v. Evans, 481 F2d 990 (9th Cir. 1973); United States v. Connolly, 479 F2d 930 (9th Cir. 1973).

The defendant contends that the search of the van at the station house violated the Fourth Amendment because it was conducted pursuant to a warrant issued by a partial magistrate. Connally v. Georgia, supra. The state contends that Connally should be applied prospectively only. Regardless of the application of Connally, in this case no warrant was required for the search of the van at the station house. Both the probable cause and the mobility elements of the Carroll doctrine which existed at the time the van was seized still obtained at the station house. Texas v. White, 423 U. S. 67 (96 SC 304, 46 LE2d 209) (1975); Chambers v. Maroney, supra, at 52. Therefore, evidence was not unconstitutionally obtained from the van and the Court of Appeals did not err in so finding.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 14, 1977 — DECIDED JUNE 7, 1977 — REHEARING DENIED JULY 1, 1977.

▮▮▮▮▮▮▮▮

*William Ralph Hill, Jr.,* for appellant.

*Samuel Brantley, Charles A. Pannell, Jr., District Attorneys, W. Michael Stoddard, Assistant District Attorney,* for appellee.