### 54506. FUTCH v. THE STATE.
### 54507. FRANKEL v. THE STATE.

McMURRAY, Judge.

Defendants were passengers in an airplane which crashed on Highway 60 between Gainesville and Dahlonega in Lumpkin County, Georgia. After the crash defendants, claiming they needed to get to a hospital, obtained a ride with a passing motorist. They took with

them a large wardrobe locker (trunk). Before reaching the hospital the defendants asked the motorist to take them instead to a motel.

Meanwhile, the sheriff had been informed of the airplane crash and was told that there were illegal drugs aboard. The investigation soon led to the motel where defendants and the locker were located.

Defendants were taken into custody and transported, along with the locker, to the jail. After some discussion between the district attorney and various law enforcement officers a decision was made to obtain a search warrant for the wardrobe locker. The warrant was obtained, the locker opened and found to contain approximately 70 to 80 pounds of marijuana.

The search warrant was obtained from a justice of the peace compensated according to the provisions of Code Ann. § 24-1601 (since amended, Ga. L. 1977, pp. 196, 197, effective February 25, 1977). Upon the hearing of defendants' motion to suppress evidence the trial court declared that under the decision in Connally v. Georgia, 429 U. S. 245 (97 SC 546, 50 LE2d 444), the search warrant had not been issued by a neutral and detached magistrate. However, the trial court further ruled that law enforcement officers were authorized to conduct the search of the trunk without a search warrant, and he denied the motion to suppress.

Defendants were convicted and appeal, arguing that the search of the trunk was illegal, that the state had made prejudicial remarks not authorized by the evidence during its argument to the jury, that there were several errors in the charge to the jury and that certain testimony should not have been admitted over their objections. *Held:*

1. Here the law enforcement officers had taken possession of defendants' wardrobe locker when they were arrested. The locker had been removed from the area of immediate control of the arrested defendants. The law enforcement officers having exclusive control of the trunk and defendants being under arrest and lacking access to the trunk, there was no danger of any possible evidence in the trunk being destroyed or transported away. There was no knowledge upon which a reasonable belief could

develop that the trunk posed any danger to anyone. There being no exigent circumstances, the law enforcement officers were not authorized to search the trunk without a warrant even though probable cause for a search may have existed. Probable cause alone is not sufficient to authorize a search. There must also be a search warrant issued by a neutral and detached magistrate or exigent circumstances which authorize the search in the absence of the search warrant. See Connally v. Georgia, 429 U. S. 245, supra; United States v. Chadwick, 433 U. S. 1 (97 SC 2476, 53 LE2d 538) (1977).

The search warrant in this case was issued and executed prior to the decision in Connally v. Georgia, supra, which held that a judicial officer who receives compensation for issuance of a warrant but receives no compensation if no warrant is issued is not a neutral and detached magistrate. Before arraignment and trial the defendants herein filed their motion for suppression of evidence seeking the retroactive application of the decision in Connally, supra. The trial court conducted a hearing and denied the motion to suppress, verbally applying Connally retroactively, but denying the motion to suppress, although verbally stating the officers had a right to search the foot locker. The written order merely denied the motion to suppress. But under the Chadwick case, supra, the officers did not have the right to search the foot locker without a search warrant. However, under the recent cases of *State v. Patterson,* 143 Ga. App. 225 (237 SE2d 707); *State v. Strickland,* 144 Ga. App. 128, both following the recent decision of the U. S. Supreme Court in United States v. Peltier, 422 U. S. 531 (95 SC 2313, 45 LE2d 374), the court did not err in denying the motion to suppress, since the Connally decision does not control. A judgment correct for any reason will be affirmed. *Hill v. Willis,* 224 Ga. 263, 267 (3) (161 SE2d 281); *Taylor v. Donaldson,* 227 Ga. 496, 502 (6) (181 SE2d 340).

2. Defendants complain that the assistant district attorney in his argument referred to them as "professional druggers." In view of the quantity of drugs found in defendants' possession this characterization was a reasonable inference from the evidence. Consequently,

there was no error in denying defendants' motion for mistrial. *Bailey v. State,* 138 Ga. App. 807, 809 (4) (227 SE2d 516); *Abner v. State,* 139 Ga. App. 600, 602 (3) (229 SE2d 83).

3. Defendants contend that the Miranda warnings (Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694)), should have been given to defendant Futch before she was asked about the ownership of the trunk. Miranda v. Arizona, supra, requires that a criminal suspect be advised of his right to remain silent and his right to counsel prior to custodial interrogation. But, was defendant Futch in custody when the question was asked? A law enforcement officer coming upon the scene of suspected criminal activity will conduct a "general on-the-scene investigation" and may detain temporarily anyone at the scene who tries to leave before the preliminary investigation is completed. Such detentions do not trigger the requirements of Miranda v. Arizona, supra. See *Shy v. State,* 234 Ga. 816, 820 (1) (218 SE2d 599). Here the sheriff's investigator (a deputy sheriff) who arrested defendant Futch and her companion had probable cause to believe that they were transporting marijuana. A witness of the plane crash saw the defendants and the pilot of the airplane struggling to remove a trunk from the airplane and acquire transportation away from the site of the crash. The witness was familiar with the odor of marijuana and smelled that odor in the vicinity of the airplane, whereupon he proceeded to the sheriff's office and related this information to the sheriff's investigator, along with information regarding the tag number and description of the vehicle in which the defendants had left the scene. The sheriff's investigator proceeded in pursuit of defendants and found them at a motel where they had stopped. At this time the sheriff's investigator conducted a general on-the-scene investigation in an effort to determine the accuracy of his information involving transportation of marijuana and whether defendants were the parties seen leaving the site of the airplane crash. The inquiry regarding ownership of the trunk was made during the course of this investigation and prior to any arrest. The trial court did not err in allowing into evidence defendant

Futch's response the trunk belonged to her. See *Shy v. State,* supra; *Davis v. State,* 135 Ga. App. 584, 588 (5) (218 SE2d 297); *Dasher v. State,* 140 Ga. App. 517, 518 (1) (231 SE2d 510).

4. The defendants complain of testimony regarding a statement made by defendant Futch at the time the trunk was being opened. This statement showed knowledge on the part of defendant Futch that the trunk contained marijuana, and defendants contend that testimony relating to the statement should not have been admitted because the defendants were being held under an illegal arrest. There is no merit to this contention. The defendants were seen leaving the scene of a plane crash taking with them a large wardrobe trunk. There was evidence the trunk contained suspected marijuana. A witness at the scene approached the aircraft shortly after the crash and recognized the odor of marijuana about the plane. This witness notified the sheriff's department which initiated the pursuit of the defendants. Ample probable cause existed for their arrest.

5. The short brief charge that everyone is presumed to be innocent until proven guilty was sufficient absent a written request for further charge on such presumption. In the court's charge the trial judge charged almost verbatim the provision of law found in Code Ann. § 26-501 (Ga. L. 1968, pp. 1249, 1266), "Presumption of innocence and proof beyond reasonable doubt." From reading the entire charge it is sufficient to say that every element as to the presumption of innocence set forth in *Thurman v. State,* 14 Ga. App. 543 (6) (81 SE 796), was here charged. "Before a charge will constitute reversible error, the charge in question must be viewed in regard to the charge as a whole." *Hilton v. State,* 233 Ga. 11, 12 (2) (209 SE2d 606). A review of the trial judge's charge in the case sub judice on the presumption of innocence shows it was fully covered.

6. The marijuana was not found in the airplane, and in order to charge as near as possible to the requested instructions by the defendants (apparently drafted in an attempt to shift the blame as to the marijuana found in the trunk to the operator of the airplane), part of this requested charge as to the presumption of possession of

the contents of a vehicle, was given by the court. There was other evidence from which the jury could find that the marijuana was not solely in possession of the operator of the airplane as it was found in the possession of defendants at the motel, although the jury could have determined it belonged to the operator of the airplane. We find no reversible error in the giving of the charge which had been requested by defendants, although modified by the court. The evidence was sufficient to rebut any question of possession of the marijuana in the person of the operator of the airplane as it was found in possession of defendants in a trunk at a motel some distance away. Compare *Scott v. State,* 233 Ga. 815, 818 (213 SE2d 676) (special concurrence by Justice Hall).

7. In charging on some of the various ways that a witness may be impeached, the court charged that witnesses may be impeached by "proof of his or her conviction of a felony." No proof was found that anyone had been convicted of a felony in any attempt to impeach witnesses, hence we see no reversible error although the charge as given was not apt nor required by the evidence.

8. Complaint is also made to the following charge: "...if after a careful consideration of all the evidence presented to you, and the testimony of all the parties and witnesses, and of the contentions, defenses, explanations, and statements of the defendants ..." you should find the defendants not guilty or have a reasonable doubt of guilt, your verdict would be not guilty. Defendants contend that this "was a comment by the court to the jury of the failure of the defendant Futch to testify and an inference by the court of its opinion that certain incriminating statements had been made by the Appellants, said comments being prohibited by statute (Ga. Code § 38-415), and is therefore reversible error." The charge complained of is not subject to this complaint, although the better practice would have been for the court in the case sub judice to have referred only to the phraseology "all the evidence presented to you."

9. The following charge is also claimed to be erroneous, which is, as follows: "...if you find and believe to a moral and reasonable certainty and beyond a reasonable doubt that either defendant committed an

offense for which conviction could be had under the indictment, or *is guilty of an offense for which a verdict of guilty should be returned in this case,* you would be authorized to convict and return a verdict of guilty accordingly." (Emphasis supplied.) Defendants contend that not only did the court instruct the jury it could return a verdict of guilty under the indictment but find that if they (defendants) should be convicted of an offense in this case, the jury would be authorized to return a verdict of guilty.

At the very outset of the court's charge the trial judge read or quoted the contents of the indictment to the jury and apprised the jury that the defendants were charged and accused of unlawfully possessing and having under their control marijuana in violation of the Georgia Controlled Substances Act. The trial judge had also charged that "[t]he burden of proof rests upon the state to prove each essential element of the crime charged in this indictment beyond a reasonable doubt." Nowhere did the trial judge charge on any other offense or lesser offense, and therefore, it cannot be said the emphasized language above left the jury to "pick and choose." The charge was not confusing and misleading. The jury was amply charged by the trial judge when considering the entire charge as a whole.

Hence, all the enumerations of error complaining of errors in the charge to the jury are not meritorious.

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

ARGUED SEPTEMBER 21, 1978 — DECIDED FEBRUARY 28, 1978 — REHEARING DENIED MARCH 31, 1978. — CERT. APPLIED FOR.

*Andrews & Myers, Robert E. Andrews,* for appellants.
*Jeff C. Wayne, District Attorney, Roland H. Stroberg, James H. Whitmer, Assistant District Attorneys,* for appellee.