## 56927. HARDWICK v. THE STATE.

SHULMAN, Judge.

After the defendant's motion to suppress the evidence on grounds of an illegal search and seizure was denied, he was convicted of possession of marijuana with intent to distribute. We reverse.

The defendant met an undercover GBI agent at a prearranged location to complete a narcotics transaction. The undercover agent permitted the defendant to leave the meeting place and get into his car. As the defendant was driving away, his car was blocked and stopped by other agents with drawn guns. The transcript of the testimony of an arresting agent clarifies the circumstances: "As [the defendant] stepped out of the car, I informed [the defendant and a passenger] that they were under arrest for violation of the Georgia Controlled Substances Act, and read them their rights and then asked [the defendant] for the keys to his car so I could open up the trunk. Q. And you opened the trunk of the car? A. Yes, I did. Q. Did you take anything out of the trunk? A. We removed two green trash bags containing suspected marijuana . . . We put the handcuffs on him after he was arrested. . . Q. And then you got the key from him? A. Yes, sir, I think so. . .I can't recall if it was right before he was handcuffed or immediately after."

1. Basic to our notions of jurisprudence is the principle that an actor/offender will not be permitted to take advantage of a defense excusing otherwise impermissible conduct when that defense arose by reason of the actor/offender's own making. Thus, a tortfeasor cannot assert an emergency defense when the emergency was created by the tortfeasor. See, e.g., *Roberson v. Hart,* 148 Ga. App. 343 (2B). An assailant cannot provoke a victim's conduct and raise self-defense as a justification. *Jackson v. State,* 239 Ga. 40 (3) (235 SE2d 477). A person

with a marked predisposition to engage in certain criminal activity will not be allowed to rely on entrapment simply because law enforcement agents provided an opportunity to engage in that activity. See, e.g., *Robinson v. State,* 145 Ga. App. 17 (1) (243 SE2d 257). The principle should at least apply with equal force to those who are charged with enforcing the law. This is especially so when, as here, the constitutionally protected right to be free from unreasonable searches and seizures is involved. See United States v. Wright, 577 F2d 378, 381 (1978), applying this principle in a search and seizure situation.

2. Under the facts of this case, the state may not take advantage of exigent circumstances which the state permitted to occur and thereby be excused from the requirement of securing a warrant.

The transcript of the hearing on the motion to suppress shows law enforcement officials met with the defendant for the sole purpose of providing the defendant with an opportunity to engage in the illegal activity for which the defendant was arrested. As law enforcement officials had both probable cause and ample opportunity to secure a warrant after the automobile was under their control, no exigent circumstances existed absent independent unavoidable conduct on the defendant's part which would provide such circumstances. State v. Cripps, 582 P2d 312 (Mont.). See *Love v. State,* 144 Ga. App. 728, 736 (242 SE2d 278), holding that no exigent circumstances existed where vehicle was parked and law enforcement officials had ample time to obtain a warrant. Compare *Bramblett v. State,* 239 Ga. 336 (2) (236 SE2d 580); and *Smith v. State,* 135 Ga. App. 424 (218 SE2d 133).

There was no more probable cause to arrest the defendant after the defendant was permitted to get into his car than there was at the meeting place. Had the defendant been arrested at the meeting place, exigent circumstances would have been averted and the warrantless search of the car would have been constitutionally impermissible. *Love v. State,* supra. (This opinion contains an excellent discussion of the law of search and seizure as applicable to automobile searches.) Compare *Duncan v. State,* 138 Ga. App. 381 (226 SE2d

477), where the defendant was next to his car at the time the arrest was effected. The search in this case is no more constitutionally permissible simply because the state, through its actions (or inaction), supplied exigent circumstances. See United States v. Wright, supra.

3. In the instant case, there was probable cause for the police officers to arrest the defendant. He was arrested, then handcuffed, his keys were demanded — either immediately before or immediately after he was handcuffed—according to the GBI agent. I have searched the record and can find no mention of the word "consent."

The state does not rely on consent to justify this search and no evidence was presented which would raise the issue. The facts show that defendant was under arrest. Six agents had him under the control of pointed weapons. As to this writer's opinion of the force sufficient to effect an arrest, see *Franklin v. State,* 143 Ga. App. 3, 13 (237 SE2d 425). Even had the issue of consent been raised, there is some doubt as to whether valid consent could be given under the circumstances. See *Love,* supra, Division II (B).

4. The defendant was handcuffed and the keys to his car had been taken. There was no earthly way he could have gotten into the locked trunk of that car. Neither the defendant nor the car could be moved except under the control of the six officers. The search could not be factually or legally justified on the basis that the agents were attempting to deny the defendant access to a place from which the defendant could produce a weapon or destroy evidence. Compare *Glover v. State,* 139 Ga. App. 162 (2) (227 SE2d 921).

5. The defendant placed a personal possession in a locked trunk of a car, evincing an expectation of privacy. His arrest did not lessen that expectation. A search of the locked trunk without obtaining a warrant, even though the defendant's arrest had been effected, requires reversal in the absence of a recognized exception to the warrant requirement. There was no such exception here. See *Love,* supra; *State v. Creel,* 142 Ga. App. 158 (1) (235 SE2d 628). "There being no exigent circumstances, the law enforcement officers were not authorized to search the trunk without a warrant even though probable cause for a

search may have existed." *Futch v. State,* 145 Ga. App. 485, 486 (243 SE2d 621). See also United States v. Chadwick, 433 U. S. 1.

6. In Chimel v. California, 395 U. S. 752, 762, the United States Supreme Court, quoting from Terry v. Ohio, 392 U. S. 1, stated: "[T]he police must, whenever practicable, obtain advance judicial approval of searches and seizures through the warrant procedure," and that "[t]he scope of [a] search must be 'strictly tied to and justified by' the circumstances which rendered its initiation permissible." As to the applicability of this standard to a vehicle which is not moving (as would have been the case if law officials had not permitted "exigent circumstances" to develop), see *State v. Bradley,* 138 Ga. App. 800, 804 (227 SE2d 776), holding that when a vehicle is not moving, or readily movable, probable cause must be determined by a magistrate and a warrant must issue.

7. The search in this case was not an inventory search. The car was not a hazard on the highway. This search could not be justified as an automobile search conducted under exigent circumstances. There was no consent; there were no circumstances justifying a search for the purpose of protecting the officers; nor were there other circumstances excusing the requirement that a warrant be issued. The search was unreasonable. Its admission in evidence was fatal error. State v. Cripps, supra; *Futch v. State,* supra.

8. It is not our intention by this opinion to place more roadblocks in the way of law enforcement officers attempting to perform their duties. However, law enforcement officers ought to obey the law. They cannot be permitted to artificially create "exigent circumstances" justifying a warrantless search and thereby circumvent what is properly a judicial determination. This erosion, by way of subterfuge, of constitutionally protected rights to be free from unreasonable searches and seizures will not be countenanced.

9. Remaining enumerations of error need not be considered.

*Judgment reversed. Quillian, P. J., concurs. Birdsong, J., concurs specially.*

ARGUED OCTOBER 31, 1978 — DECIDED FEBRUARY 15, 1979 —
REHEARING DENIED MARCH 13, 1979 — 

*Walters, Davis, Ellis & Smith, W. Emory Walters, Roberts, Roberts & Rainwater, Guy Velpoe Roberts, C. Daniel Smith,* for appellant.

*D. E. Turk, District Attorney, Gary C. Christy, Assistant District Attorney,* for appellee.

BIRDSONG, Judge, concurring specially.

I am constrained to concur. See *Love v. State,* 144 Ga. App. 728 (242 SE2d 278); however, in my opinion the status of search and seizure in Georgia remains unclear.

It now appears settled, by the Supreme Court of our land, that an officer at the time of a lawful arrest may, without warrant, make a full search of the person of the accused (United States v. Robinson, 414 U. S. 218 (94 SC 467, 38 LE2d 427)), a limited area within the control of the person arrested (Chimel v. California, 395 U. S. 752 (89 SC 2034, 23 LE2d 685)) and of an automobile in his possession at the scene of the arrest for the discovery and preservation of criminal evidence (Adams v. Williams, 407 U. S. 143 (92 SC 1921, 32 LE2d 612)) and this is true even though the actual search of the vehicle may occur later at the station house (Texas v. White, 423 U. S. 67 (96 SC 304, 46 LE2d 209)). See *Glover v. State,* 139 Ga. App. 162, 165 (227 SE2d 921).

Where the search of an automobile within the custody or control of the arrestee is involved, after probable cause for a custodial arrest, the arresting officer, without benefit of warrant, has the authority to completely search the car at the time of arrest, without regard to questions of exigency, protection of the arresting officer, or probable cause, but as a sole consequence of the arrest.

As was stated in Chambers v. Maroney, 399 U. S. 42 (90 SC 1975, 26 LE2d 419, 428), "For constitutional purposes, we see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given

probable cause to search, either course is reasonable under the Fourth Amendment." *Love v. State,* supra, seems to support a principle that in spite of the lawfulness of an arrest, the search of an automobile in the control or custody of the arrestee is dependent upon exigent circumstances, protection of the officer or probable cause separate from that of the arrest.