## 60327. McKINNEY et al. v. THE STATE.

SHULMAN, Judge.

Appellants Ted McKinney, Roger Miller, and Kenneth Hendrix were convicted of burglary and possession of tools for the commission of crime. We affirm in part and reverse in part.

The circumstances surrounding the apprehension of appellants are not in dispute. Between March 16 and March 18, 1979, the LaGrange, Georgia residence of one Walter Myers was burglarized and a number of items were stolen. No fingerprints were found in the vicinity of the break-in, but police officers discovered and removed a scratched and broken lock from the door through which the burglars had apparently entered the house.

On March 30, 1979, a LaGrange Police Department investigator on patrol in a residential neighborhood noticed a white 1978 Lincoln Continental automobile being driven slowly through the neighborhood and observed that the occupants of the Lincoln were pointing toward various dwellings and engaging in animated conversation. Upon noting the similarity of the Lincoln to a vehicle described in "police alert" bulletins previously received by the LaGrange Police Department, the investigator decided to stop the vehicle and called for backup assistance from nearby officers.

In response to the investigator's call for assistance, an unmarked police car and a marked police cruiser stopped the Lincoln by the side of the road. Three officers then approached the vehicle with their guns drawn. One of the officers asked McKinney, the driver of the Lincoln, to step out of the car and submit to a "pat down" search. McKinney voluntarily complied with this request, and the subsequent search produced a closed pocketknife. The officer then asked for McKinney's driver's license. McKinney replied that he did not have a driver's license, whereupon the officer informed him that he was being placed under arrest for the offense of driving without a license.

During the brief period of time between the officers' approach and the formal arrest of McKinney, one of the officers observed two screwdrivers and a pair of pliers lying on the floorboard of the Lincoln below the back seat. Ostensibly because these objects were in plain view and because McKinney had been placed under formal arrest, one of the officers removed the keys from the ignition of the Lincoln and opened its trunk. Inside the trunk the officers found a cache of unmodified household tools and a jogging suit. The three occupants of the Lincoln were then placed under arrest for possession of burglary tools.

Soon after appellants' arrest, a microanalyst from the Georgia

State Crime Lab performed a "scratch test" on a lead plate with one of the screwdrivers seized from appellants' automobile. The test results tended to show that the subject screwdriver was the same screwdriver which had scratched the lock taken from the burglarized house of Walter Myers. Appellants individually moved to suppress this and all other evidence acquired as a result of the search of their automobile. The motions to suppress were denied, and appellants were subsequently convicted of burglarizing the Myers dwelling and of possessing burglary tools.

1. Appellants first contend that the trial court erred in overruling their motions to suppress the fruits of the search of their automobile. We agree.

The initial on-the-scene search of the Lincoln was undertaken by officers of the LaGrange Police Department acting *without a warrant.* Warrantless searches are permissible only under carefully delineated circumstances. See, e.g., Coolidge v. New Hampshire, 403 U. S. 443, 454 (91 SC 2022, 29 LE2d 564). In our view, the circumstances surrounding the stop and subsequent search of appellants' car simply do not fit comfortably within any of the recognized exceptions to the search warrant requirement.

The state does not contend, nor does the evidence demonstrate, that the search was accomplished pursuant to the "consent," "stop and frisk," "inventory," or "hot pursuit" exceptions to the warrant requirement. Instead, the state asserts that appellants were stopped and their vehicle searched on the basis of the arresting officers' "articulable suspicion" that the occupants of the vehicle were members of a burglary ring. In support of this assertion, the state cites the decision of the Supreme Court in *Brisbane v. State,* 233 Ga. 339 (211 SE2d 294), as authority for the proposition that a warrantless search of an automobile can be conducted if the automobile and its occupants have been detained as the result of an "articulable suspicion" held by the detaining officer that the law has been violated.

In our view, *Brisbane* does not support the state's position. In *Brisbane,* the Supreme Court held simply that (1) the *stop* of the appellants' car was legal because the police officer who made the stop had a specific and articulable suspicion of illegal activity; and that (2) appellants had no standing to object to the admission of evidence procured in a warrantless search of the car because they had no proprietary interest in the car. The *Brisbane* holding clearly cannot be construed as authority for the state's argument that an articulable suspicion is sufficient *in and of itself* to validate an otherwise invalid warrantless search of a stopped or detained automobile.

Moreover, we are unable to classify the search of appellants'

automobile as a search incident to arrest. The driver of the automobile had been ordered out of the vehicle, searched, and handcuffed. The other occupants of the car were clearly unable to retrieve weapons or destroy evidence located in the locked trunk of the car. Consequently, the state cannot claim that the search of the Lincoln's trunk constituted a valid search incident to the arrest of the driver of the car. See *Hardwick v. State,* 149 Ga. App. 291 (4,7) (254 SE2d 384).

Neither can the state successfully assert that the search was permissible under the "automobile exception" to the warrant requirement first set out by the United States Supreme Court in the case of Carroll v. United States, 267 U. S. 132 (45 SC 280, 69 LE 543). In order to satisfy the criteria enunciated in Carroll and thereby bring a warrantless search within the "automobile exception," the state must demonstrate that probable cause to search *and* exigent circumstances requiring an immediate search were present when the search was conducted. See *Love v. State,* 144 Ga. App. 728 (242 SE2d 278). We hold that the arrest and handcuffing of the driver of the car and the seizure of the car keys by a LaGrange police officer dispelled the exigent circumstances, if any, which may have otherwise validated the search of the car's trunk.

The undisputed account of appellants' arrest shows that after their car was stopped, the driver of the car, McKinney, was ordered out of the car and searched. As stated above, upon ascertaining that McKinney had no license, the officers arrested him and placed him in handcuffs. One of the officers then reached into appellants' automobile and removed the keys from its ignition. At this point it became impossible, or at least highly unlikely, for the car to be moved except under the express direction of an officer of the LaGrange Police Department. The exigent circumstances permitting an immediate search of the trunk of the automobile had ceased to exist, and the "automobile exception" to the warrant requirement was thus rendered inapplicable. See *Buday v. State,* 150 Ga. App. 686 (3) (258 SE2d 318); *Hardwick v. State,* supra; *Futch v. State,* 145 Ga. App. 485 (1) (243 SE2d 621).

"The defendant placed a personal possession in a locked trunk of a car, evincing an expectation of privacy. His arrest did not lessen that expectation. A search of the locked trunk without obtaining a warrant, even though the defendant's arrest had been effected, requires reversal in the absence of a recognized exception to the warrant requirement." *Hardwick,* supra, p. 293. The state has failed to allege or prove circumstances surrounding the warrantless search of the trunk of appellants' automobile which would bring the search within an exception to the warrant requirement. As a result, we find

that the search of the trunk was illegal and that the evidence obtained therefrom should have been suppressed. Since appellants' convictions of burglary rest entirely upon the admission into evidence of the screwdriver which was seized from the trunk of their car and which produced a scratch on a test plate similar to a scratch found on the broken lock of the Myers' residence, the burglary convictions must be reversed.

Appellants' convictions of possession of burglary tools, however, will not be affected by our ruling with regard to the motions to suppress evidence obtained from the search of the automobile's trunk. The arresting officers testified that they observed a number of tools, including screwdrivers, pliers and a glass cutter, lying in plain view on the floorboard of appellants' car prior to the questionable search. In view of this testimony, we find that the seizure of these tools and the introduction of the tools as evidence of the appellants' commission of the offense charged were proper under the "plain view" doctrine. See *Anderson v. State,* 123 Ga. App. 57, 79 (179 SE2d 286).

2. Citing as prejudicial an article which appeared in the local paper listing the indictments returned by the Troup County Grand Jury during the May, 1979 term, appellant McKinney contends that the trial court erred in denying his motion for change of venue. The article appeared in the LaGrange Daily News on May 9, 1979, one week before appellants' trial commenced. Certain paragraphs of the article recited the facts surrounding the March 30, 1979, apprehension of appellants.

"It is provided in Code Ann. § 27-1201 that a trial judge may order a change of venue where an impartial jury cannot be obtained. The test on appeal is whether the trial judge abused his discretion in denying the change of venue." *Mooney v. State,* 243 Ga. 373, 386 (254 SE2d 337). In view of the article's skeletal treatment of appellants' case, we refuse to find that the selection of a panel of impartial jurors was rendered impossible or significantly hindered. The trial judge thus did not abuse his discretion in denying defendant McKinney's motion for change of venue.

3. Appellants Miller and Hendrix assert that the trial court erred in admitting into evidence, as to them, items which were discovered inside appellant McKinney's automobile. Miller and Hendrix argue that they were not in possession of the tools and other items seized by LaGrange police officers from the trunk and passenger compartment of the car.

Our disposition of appellants' first enumeration of error in Division 1 of this opinion controls the admission of the items seized from the trunk of the car. The admission of the remaining exhibits as

evidence against each of the appellants was not erroneous.

The state presented evidence in the form of a "police alert" bulletin from the Newnan Police Department to the LaGrange Police Department naming Miller and Hendrix as the suspected associates of appellant McKinney in a burglary ring operating in the southeastern United States. This evidence contradicted the argument of Miller and Hendrix that they were "merely present" in the car and thus could not have had possession of the items seized by the police officers. That being so, the issue of *constructive* possession of the items by Miller and Hendrix became a jury question. The items were therefore rendered admissible as evidence against each of the appellants. See *Johnson v. State,* 143 Ga. App. 160 (1) (237 SE2d 605); *Lee v. State,* 126 Ga. App. 38 (2) (189 SE2d 872).

4. Appellants Miller and Hendrix submit error on the general grounds. Appellants' contentions of error regarding their convictions of the offense of burglary have been rendered moot by our determination in Division 1.

In reviewing the record on the charge of possessing burglary tools, however, we find that the evidence adduced at trial by the state, while not sufficient to conclusively link Miller and Hendrix to a specific burglary, is sufficient to have permitted the jury in this case to conclude beyond a reasonable doubt that the two men were guilty of each and every element of the crime of possessing burglary tools. See Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

Since "possession of burglary tools and burglary are separate and distinct offenses and conviction of one is not an essential part of conviction of the other" (*Butler v. State,* 130 Ga. App. 469, 477 (203 SE2d 558)), the fact that appellants' convictions for burglary have been overturned does not render invalid their convictions for possession of burglary tools.

5. Appellant McKinney argues that the trial court committed reversible error in denying his motion for individual voir dire and sequestration of jurors during voir dire. We disagree.

"Code Ann. § 59-705 gives defense counsel the right to examine jurors individually after the usual voir dire questions have been put by the trial court to the jury as a panel. The right does not encompass isolated examination. The single purpose for voir dire is the ascertainment of the impartiality of jurors, their ability to treat the cause on the merits with objectivity and freedom from bias and prior inclination. The control of the pursuit of such determination is within the sound legal discretion of the trial court, and only in the event of manifest abuse will it be upset upon review." *Whitlock v. State,* 230 Ga. 700, 705-706 (198 SE2d 865).

Appellant McKinney has not shown that the trial court abused

its discretion in denying his motion for individual voir dire and sequestration of jurors during voir dire, and his unsupported argument to the contrary is accordingly unpersuasive.

6. Appellants individually filed special demurrers to the indictment returned against them by the Troup County Grand Jury. The demurrers each alleged that the indictment contained an impermissibly vague description of the factual basis on which the state would attempt to prove appellants guilty of possessing burglary tools. The trial court overruled the demurrers, and appellants cite this ruling as error. We find no harmful error in the trial court's ruling.

"[W]hen [as in the case at bar] trial has been had before the appellate court reviews the merits of the special demurrer, where no prejudice to defendant has occurred though the indictment is not perfect, reversal is a mere windfall to defendant and contributes nothing to the administration of justice." *State v. Eubanks,* 239 Ga. 483, 489 (238 SE2d 38).

Although the indictment in the instant case may not have been perfect, appellants have failed to demonstrate that they were unable to prepare adequately their defenses to the charge of possessing burglary tools because of the vagueness of the language of the indictment. As a result, we will not disturb the action of the trial court in overruling appellants' special demurrers.

7. Each appellant filed a motion to sever counts and a motion to require the state to elect. Appellants Miller and Hendrix additionally filed separate motions to sever as to persons. Contrary to appellants' assertions, we find no error in the denial of such motions.

Appellants have made no showing that the trial court abused its discretion in denying the motions or that the denial of the motions resulted in prejudice against the defenses asserted by appellants at trial. Furthermore, the causal link between the charges of burglary and possession of burglary tools was sufficiently strong in the instant case to enable this court to affirm the ruling of the trial court denying appellants' motions to sever counts (*despite* the fact that we are concurrently reversing the burglary convictions of Miller and Hendrix on the grounds of insufficient evidence).

"Each offense was connected to the other crimes as a part of a larger scheme and the evidence presented was not of such complexity as to hinder the jury from applying the law intelligently to each offense. Under such circumstances severance is a matter of discretion and the refusal to grant the motion here has not been shown to constitute an abuse thereof." *Guthrie v. State,* 147 Ga. App. 351, 355 (248 SE2d 714).

Additionally, appellants have failed to demonstrate any abuse

of discretion by the trial court in denying their motions to sever and motions to require the state to elect. As a result, we find no merit in their enumerations asserting error in this regard. See *Guthrie,* supra; *Aaron v. State,* 145 Ga. App. 349 (1) (243 SE2d 714).

In accordance with the above, we reverse the burglary convictions of appellants and affirm their convictions of possessing burglary tools.

*Judgment affirmed in part; reversed in part. Quillian, P. J., and Carley, J., concur.*

ARGUED JULY 10, 1980 — DECIDED OCTOBER 2, 1980 —

*Steven Earl Fanning, John M. Wyatt, Benjamin Daniel,* for appellants.

*William F. Lee, Jr., District Attorney,* for appellee.