S91A0576. THE STATE v. NELSON.
(404 SE2d 112)

WELTNER, Justice.

Michael Nelson was indicted for the murder of his wife, Patsy Nelson. The trial court granted Nelson's motions to suppress, and the state appeals.

1. (a) The state contends that the trial court erred in finding that

---

Nelson was arrested, based upon evidence that: Nelson was asked by an unarmed deputy if he would come down to the sheriff's office with him; Nelson asked, "About what?" The deputy answered, "About an incident we just found out about"; Nelson responded, "Well, O. K."; Nelson was not intimidated in any manner, nor given the impression that if he refused he would be forced to go. The deputy had been instructed that he was not to arrest Nelson and, if Nelson did not want to come with him, Nelson was to be left alone. Nelson did not request to leave or to speak with an attorney, and did not ask whether he was required to go. The deputy informed Nelson that his car had no protective screen, and asked him whether he would agree to be handcuffed. Nelson consented, and, thus restrained, was transported to the county jail.

The state maintains that Nelson was not "under arrest."

(b) In *Shy v. State*, 234 Ga. 816, 820 (218 SE2d 599) (1975), we held:

> [A]rrest is defined as "the taking, seizing, or detaining of the person of another, either by touching or putting hands on him, or by any act indicating an intention to take such person into custody, and which subjects such person to the actual control and will of the person making the arrest."

In *Collier v. State*, 244 Ga. 553, 561 (261 SE2d 364) (1979), we held:

> Under our statute a person is under arrest whenever his liberty to come and go as he pleases is restrained, no matter how slight such restraint may be. [OCGA § 17-4-1.]

Nelson was handcuffed and transported to the county jail in the sheriff's vehicle. He was led handcuffed into the jail, and remained there behind locked doors. He was, of course, "under arrest."

2. (a) The state asserts that the trial court erred in finding that there was no probable cause for Nelson's arrest without a warrant.

(b) The record shows that Nelson gave his consent to the entry of the deputy into his dwelling.[1] The fact that police authorities might have anticipated finding additional evidence does not alter the fact that there was, at the time of the entry, probable cause for Nelson's arrest as a suspected perpetrator of a crime.[2]

---

[1] See *Thompson v. State*, 248 Ga. 343 (1) (285 SE2d 685) (1981): "(A)bsent exigent circumstances or consent, an entry into a private dwelling to conduct a search or effect an arrest is unreasonable without a warrant." [Cit.]

[2] Jimmy Willis had told the sheriff that Nelson had brought to his (Willis') house the automobile that the victim had been driving when she disappeared; and that Nelson had

3. Nelson was advised of his *Miranda* rights several times after his arrest, and before he made any statement. The arrest being lawful, his statements, as well as all evidence discovered by means of them, were not subject to suppression. OCGA § 17-5-1; *Anderson v. State*, 258 Ga. 70 (7) (365 SE2d 421) (1988), and cit.

*Judgment reversed. All the Justices concur, except Smith, P. J., who dissents.*

DECIDED MAY 10, 1991.

*Michael J. Bowers, Attorney General, Ralph M. Walke, District Attorney, Peter F. Larsen, Assistant District Attorney,* for appellant. *Stanley Smith, Herbert L. Wells,* for appellee.

---

asked Willis to help him (Nelson) hide the automobile "for insurance purposes." Willis also revealed that he and Nelson had hidden the automobile at one location, then pushed it into a ravine, where later it was found.