## A94A1684. SEAMAN v. THE STATE.
(449 SE2d 526)

SMITH, Judge.

Lewis Seaman entered a conditional plea of nolo contendere to possession of less than an ounce of marijuana after his motion to suppress the contraband was denied. He reserved the right to appeal the denial of his motion to suppress pursuant to *Mims v. State*, 201 Ga. App. 277, 278-279 (1) (410 SE2d 824) (1991).[1]

The evidence introduced at the hearing on the motion to suppress showed that law enforcement officers executed an arrest warrant for Keith Parr at his home in Clayton County. Detective Sergeant Steven Kenneth Rose, Jr., of the Fayette County Sheriff's Department was assigned to the Fayette County Narcotics Suppression Task Force. He testified he came to Clayton County, along with seven or eight other officers, to assist in the execution of the warrant. As he approached the house, he heard other officers shouting for someone to stop. One individual was taken into custody outside the house. However, Rose was told the officers believed someone had run into the house. Based on that information, he decided to enter the residence.

He and another officer knocked on a glass door, and Parr's wife let them into the house. They proceeded through the house, looking for the person who had fled. The other officer found Seaman in another room. Rose then conducted a patdown of Seaman, looking for weapons. During the patdown, Rose detected a plastic baggie in the

---

[1] This procedure was still permissible on February 16, 1994, the date the plea was entered, but has since been disapproved. *Hooten v. State*, 212 Ga. App. 770, 775 (1) (442 SE2d 836) (1994). See *Jackson v. State*, 214 Ga. App. 726 (448 SE2d 761) (1994).

pocket of Seaman's shorts and observed several inches of clear plastic baggie exposed. Rose testified that he knew it was a plastic baggie when he felt it and that he believed it contained contraband. Rose removed the baggie, which contained a green, leafy material later proved to contain marijuana.

Seaman appears to base his contention that the evidence should have been suppressed on two grounds. We do not agree with either contention.

1. First, citing *Baez v. State*, 206 Ga. App. 522 (425 SE2d 885) (1992), Seaman argues the State failed to meet its burden of proving the search of Seaman and seizure of the contraband were lawful, because the State did not produce at the hearing the arrest warrant for Parr.

However, *Baez* is distinguished on its facts. There, the accused specifically challenged the validity of the warrant, which the State failed to produce. *Baez*, supra at 527. In a motion to suppress, an accused must place the State on notice of the issue to be raised at the hearing on the motion, *State v. Armstrong*, 203 Ga. App. 159, 160 (1) (416 SE2d 537) (1992), and the burden is on the State to produce the warrant only when its validity is challenged. Neither in his motion nor at the hearing did Seaman challenge the validity of the arrest warrant. Moreover, in his motion he *admitted* the existence of the warrant. The State was not required to produce the warrant under these circumstances.

2. Second, Seaman argues that Rose's search of his person exceeded the permissible scope of a *Terry* patdown. In support of this argument, Seaman cites *Minnesota v. Dickerson*, 508 U. S. ____ (113 SC 2130, 124 LE2d 334) (1993).

In *Dickerson*, the Supreme Court approved the "plain feel" or "plain touch" corollary to the "plain view" doctrine, holding that if contraband is identified through an officer's sense of touch in the course of a lawful *Terry* patdown, it may be seized. 124 LE2d at 345-347. Applying that principle to the facts in *Dickerson*, however, the Supreme Court found that the officer had overstepped the bounds of a *Terry* patdown by squeezing, sliding, and manipulating the object in the suspect's pocket before identifying it, even after determining that the pocket contained no weapon. Id. at 347 (III).

The facts in this case are different. The patdown was properly performed to determine whether Seaman was armed. Rose, who had more than nine years' experience as a police officer and over four years' experience working as a narcotics officer, believed the object in Seaman's pocket was a clear plastic baggie containing contraband upon initially feeling it in Seaman's pocket, and he then visually observed a portion of the baggie protruding from the pocket. No evidence was presented indicating that Rose manipulated the object in

Seaman's pocket in any way before identifying it. We agree with the trial court that under these circumstances, the "plain feel" principle approved in *Dickerson* applies. The trial court properly denied Seaman's motion to suppress.

*Judgment affirmed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 5, 1994 —
RECONSIDERATION DENIED OCTOBER 19, 1994.

*Lee Sexton*, for appellant.
*Keith C. Martin*, Solicitor, *Michael P. Baird*, Assistant Solicitor, for appellee.