A96A0494. ANDREWS v. THE STATE.

(471 SE2d 567)

BEASLEY, Chief Judge.

Andrews was convicted in a bench trial of possession of cocaine with intent to distribute, OCGA § 16-13-30 (b). In two related enumerations of error, he challenges the denial of his motion to suppress the evidence of the cocaine as a violation of his Fourth Amendment rights.

"On reviewing a trial court's ruling on a motion to suppress, evidence is construed most favorably to uphold the findings and judgment and the trial court's findings on disputed facts and credibility must be accepted unless clearly erroneous. [Cit.]" *Burse v. State*, 209 Ga. App. 276 (433 SE2d 386) (1993). So viewed, the evidence is that Officers Harris and Brooks responded to a robbery call on Glenwood Road where two women reported that two men robbed them of $3,000. The women were to meet the men to purchase an automobile, but the men stole the purse containing the cash and ran. The women described the perpetrators and said they believed the men were in room 215 at the nearby Glenwood Inn.

The police and the victims went to the hotel registration desk and learned that a Patrick Walker was registered in room 215. They went and knocked on the door, which Walker opened, sending out a large cloud of marijuana smoke. The robbery victims immediately identified Walker as the purse snatcher. The police requested entrance to the room and Walker consented. Marijuana rolling papers and a small amount of marijuana leaf were lying on a table.

Although four men were in the room, the officers saw no items of a personal nature or luggage. Andrews was sitting on the bed and initially refused to stand up. After about the third request, Andrews reluctantly got up, and Officer Brooks lifted the mattress and found a small bag with 15 "hits" of cocaine and a pistol.

The police then asked all of the men to move to one side of the

room and conducted pat-down searches for weapons. Officer Harris patted down Andrews' legs and crotch. Through Andrews' shorts, Harris felt what was immediately apparent to him as a large cookie of crack cocaine. He squeezed it and confirmed his initial belief, which had been "99% sure." Officer Harris asked Andrews to unzip his shorts and remove the substance, which was later confirmed to be 34 grams of crack cocaine.

Andrews does not contend the police were unjustified in frisking him for weapons under *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968). He argues only that the police exceeded the scope of a weapons pat-down permitted under *Terry*, citing *Minnesota v. Dickerson*, 508 U. S. 366 (113 SC 2130, 124 LE2d 334) (1993). In that case, the United States Supreme Court approved a "plain feel" exception to the warrant requirement of the Fourth Amendment, which exception correlates to the "plain view" doctrine developed earlier. See, e.g., *Arizona v. Hicks*, 480 U. S. 321 (107 SC 1149, 94 LE2d 347) (1987). The Court held that if "a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons [under *Terry*]; if the object is contraband, its warrantless seizure would be justified by the same practical considerations that inhere in the plain-view context." Id. at 375-376.

In applying this rule, the Court in *Dickerson* determined the officer did not immediately recognize the lump in Dickerson's pocket to be crack cocaine, but only did so after "squeezing, sliding and otherwise manipulating the contents" of Dickerson's pocket, which the officer already knew contained no weapon. The search went beyond the search for weapons permitted by *Terry* and the fruits of the search were inadmissible.

In this case, Officer Harris had seven years' experience as a police officer and had made thousands of narcotics-related arrests. He was thus familiar with the distinctive feel of a cookie of crack cocaine and knew immediately when he came upon it in his weapons pat-down that it was contraband. Two critical factors distinguish this case from *Dickerson*. One, Harris was still conducting a weapons search when he discovered the cocaine. Two, he immediately knew the object was a crack cocaine cookie. He did not continue to search by sliding or further manipulating the object in order to determine what it was, in an area which he knew contained no weapon, as was the case in *Dickerson*. Under the "plain feel doctrine," the officer was entitled to seize the item and the evidence was properly admitted. He was not compelled to ignore what was apparent to him upon feeling the object and to walk away instead. Accord *Seaman v. State*, 214 Ga. App. 878 (449 SE2d 526) (1994); *United States v. Hughes*, 15 F3d 798

(8th Cir. 1994); *United States v. Craft*, 30 F3d 1044 (8th Cir. 1994).

Compare *United States v. Ross*, 827 FSupp. 711 (S.D. Ala. 1993), aff'd, 19 F3d 1446 (11th Cir. 1994) (police officer's discovery of matchbox in defendant's underwear during pat-down did not justify his removal of box and seizure of cocaine in it) and *United States v. Mitchell*, 832 FSupp. 1073 (N.D. Miss. 1993) (officer reached into defendant's pocket and retrieved a brown paper sack, which contained a white athletic sock, which contained six small plastic bags each containing crack cocaine: "With all due respect and deference to the training and skills of these officers, the court does not, and can not, accept their testimony that the crack cocaine in Mitchell's pocket was 'immediately apparent' to them upon patting the outer clothing." Id. at 1079).

*Judgment affirmed. Birdsong, P. J., concurs. Blackburn, J., concurs in the judgment only.*

DECIDED MAY 22, 1996.

*Dwight L. Thomas*, for appellant.

*J. Tom Morgan, District Attorney, Ray H. Ragland, Desiree S. Peagler, Assistant District Attorneys*, for appellee.