S06A1500. BLITCH v. THE STATE.
(636 SE2d 545)

BENHAM, Justice.

Appellant Melissa Suzanne Blitch was stopped by a Gwinnett County police officer after he observed she was not wearing a seat/shoulder safety belt while operating her car. OCGA § 40-8-76.1. When the officer approached her stopped car, he noticed Blitch was "unusually nervous" and did not make eye contact with him. She gave a negative response to his inquiry whether there was anything in the car he needed to know about for his personal safety, and assented to his request to search the car. The officer found in plain view in Blitch's open purse located on the passenger seat a clear plastic bag containing a "flaky crystal substance" which later was determined to be methamphetamine. As a result, Blitch was charged with possession of methamphetamine. The trial court denied Blitch's motion to suppress and the Court of Appeals denied her application for interlocutory review of that ruling. We granted appellant's petition for a writ of certiorari to the Court of Appeals and notified the parties we were particularly concerned with "[w]hether the trial court erred by ruling that law enforcement did not violate the Fourth Amendment during the traffic stop of Blitch by asking for Blitch's consent to search her car."

1. After we granted appellant's petition for a writ of certiorari and prior to the oral arguments in this case, this Court issued an opinion deciding the issue on which certiorari was granted. In *Salmeron v. State*, 280 Ga. 735 (1) (632 SE2d 645) (2006), this Court ruled the Fourth Amendment is not violated when, during the course of a valid traffic stop, an officer requests of the driver consent to conduct a search. "If a driver is questioned and gives consent while [s]he is being

lawfully detained during a traffic stop, there is no Fourth Amendment violation." Id. at 736. Consequently, we conclude the trial court did not err when it denied appellant's motion to suppress based on Fourth Amendment grounds.

2. Citing OCGA § 40-8-76.1 (f), appellant contends the traffic stop for failure to wear a seat belt could not form the basis for her arrest for possession of methamphetamine. The portion of OCGA § 40-8-76.1 (f) upon which she relies states that "[n]oncompliance with the restraint requirements of this Code section shall not constitute probable cause for violation of any other Code section." In *Temples v. State*, 228 Ga. App. 228, 230 (491 SE2d 444) (1997), the Court of Appeals was faced with a similar assertion and determined the statutory language pertaining to probable cause "was added for the purpose of prohibiting a search of a person or a vehicle based *solely* on the failure of an occupant of the front seat to wear a seat belt" and "does not preclude an officer from conducting a reasonable inquiry and investigation to insure both [the officer's] safety and that of others." (Emphasis supplied.) See also *Edwards v. State*, 239 Ga. App. 44 (2) (518 SE2d 426) (1999); *Davis v. State*, 232 Ga. App. 320 (1) (501 SE2d 836) (1998). Similarly, the statute does not preclude an officer from conducting a search of a vehicle pursuant to the driver's consent to search obtained during a lawful traffic stop, because a search conducted pursuant to consent is not a search "based solely on the failure of an occupant to wear a seatbelt." Cf. *State v. Milsap*, 243 Ga. App. 519, 520 (528 SE2d 865) (2000) (physical precedent only). The trial court did not err when it denied appellant's motion to suppress.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 16, 2006.

*Wayne L. Burnaine*, for appellant.
*Daniel J. Porter, District Attorney, Sabrina Nizam, James H. Wall, Assistant District Attorneys*, for appellee.