A07A1796. HICKS v. THE STATE.
(650 SE2d 767)

BLACKBURN, Presiding Judge.

Following a jury trial, Ernest Hicks appeals his conviction for possessing a firearm while a convicted felon.[1] His sole enumeration is that the trial court erred in denying his motion to suppress certain evidence found in a warrantless search of his home. We agree that under the Fourth Amendment, no exigent circumstances justified the police's warrantless search of Hicks's entire residence after they had handcuffed him and placed him outside the residence under the watchful eye of an officer. Their failure to obtain a warrant invalidates the subsequent search and compels us to reverse his conviction, which was obtained based on the discovery of a shotgun under his bed during this search. The case is remanded for a new trial, in which the illegally obtained evidence may not be introduced.

"On reviewing a trial court's ruling on a motion to suppress, evidence is construed most favorably to uphold the findings and judgment. The court's findings of fact will not be disturbed if there is any evidence to support them." (Punctuation and footnote omitted.) *Owens v. State.*[2] See *Tate v. State.*[3] We consider evidence from both the motion to suppress hearing and the trial. *White v. State.*[4]

So construed, the evidence shows that one night, Hicks's neighbor called police when someone at Hicks's residence fired two shots from a shotgun toward the neighbor's house. Police arrived 15 minutes later and learned from the neighbor that Hicks had also fired shots some weeks earlier and had threatened the neighbor in a letter. Knowing that Hicks was a convicted felon and that he had previously had violent altercations with police, the officers went to Hicks's residence and spoke to Hicks (the home's only occupant), who denied shooting any guns and also denied possessing any guns. Hicks consented to the officers searching his residence.

During the search, the officers found two spent shotgun shells on the top of the garbage in the kitchen trash can. At this point, Hicks, who was in the kitchen, revoked his consent for the search. The officers handcuffed Hicks and placed him outside the residence, where one officer stood near him to keep watch over him. After calling a supervisor, the other officer re-entered the residence and began a second search (over Hicks's objection) of the entire residence, which

[1] OCGA § 16-11-131 (b).

[2] *Owens v. State*, 236 Ga. App. 534, 535 (512 SE2d 394) (1999).

[3] *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994).

[4] *White v. State*, 263 Ga. 94, 98 (5) (428 SE2d 789) (1993).

yielded a shotgun (found under the bed in the bedroom), a box of unspent shotgun shells, and some loose unspent shotgun shells.

Indicted on one count of possession of a firearm by a convicted felon, Hicks moved to suppress the evidence obtained during the second search. Following an evidentiary hearing, the trial court denied the motion, finding that exigent circumstances (Hicks's firing of a gun and previous threats) justified the warrantless search. A jury found Hicks guilty, and the trial court denied Hicks's motion for new trial, giving rise to this appeal.

1. Arguing that we should not consider the merits of the motion to suppress, the State contends that the motion was filed two months after arraignment and was therefore untimely under OCGA § 17-7-110. See *State v. Gomez*[5] (untimely motion to suppress subject to dismissal). However, nowhere in the record nor at the hearing on the motion to suppress below did the State in any way raise this issue or object to the motion on this basis. Compare id. at 424 and *State v. Serio*[6] (in both the issue of timeliness was raised below). "The [S]tate waived its right to object to the timing or manner in which the motion . . . was brought by failing to object to the motion at the time it was heard." *State v. Evans.*[7] See *State v. Lucas*[8] (State's failure to object below waives matter for appellate review). The State's failure to object is particularly significant in light of the express provision in OCGA § 17-7-110 allowing the trial court to extend the time for filing; had the State objected, the court could well have granted such an extension.

2. With regard to the merits of Hicks's motion to suppress, "[i]t is axiomatic that, under the Fourth Amendment, police officers are prohibited from entering a person's home or its curtilage without a warrant absent consent or a showing of exigent circumstances." *State v. Pando.*[9] See *State v. Nelson*[10] ("[a]bsent exigent circumstances or consent, an entry into a private dwelling to conduct a search . . . is unreasonable without a warrant") (punctuation omitted). Because Hicks revoked his consent prior to the second search, see *Montero v. State*[11] (defendant may withdraw consent to search), the question before us is whether evidence supported the trial court's finding of exigent circumstances.

---

[5] *State v. Gomez*, 266 Ga. App. 423, 424-425 (1) (597 SE2d 509) (2004).

[6] *State v. Serio*, 257 Ga. App. 369, 371 (2) (a) (571 SE2d 168) (2002).

[7] *State v. Evans*, 187 Ga. App. 649, 651 (2) (371 SE2d 432) (1988), overruled on other grounds, *State v. Smith*, 268 Ga. 75, 76, n. 7 (485 SE2d 491) (1997).

[8] *State v. Lucas*, 265 Ga. App. 242 (1) (593 SE2d 707) (2004).

[9] *State v. Pando*, 284 Ga. App. 70, 72 (1) (a) (643 SE2d 342) (2007).

[10] *State v. Nelson*, 261 Ga. 246, 247 (2) (b), n. 1 (404 SE2d 112) (1991).

[11] *Montero v. State*, 245 Ga. App. 181, 184 (537 SE2d 429) (2000).

"An exigent circumstance which does justify the warrantless entry of a private home is the officer's reasonable belief that such action is a necessary response on his part to an emergency situation." (Punctuation omitted.) *Owens*, supra, 236 Ga. App. at 535. The exigent circumstance forwarded by the State here (and believed by the trial court) was that the second search was necessary to protect the officers and the neighbor from danger in light of Hicks, a known felon with a history of violence and threats against his neighbor and with a history of altercations with the police, having two spent shells in his kitchen only minutes after two shots were fired from his residence toward the neighbor's home. See *State v. Ealum*[12] ("Exigent circumstances include emergency situations where the warrantless entry is justified to protect or preserve life or to avert serious injury.") (punctuation omitted).

This finding of exigency ignores the uncontroverted evidence that before the second search began, police had taken Hicks outside his residence, handcuffed him, and placed an armed officer as a continuous watch over him. Indeed, in light of these security measures taken by police, the officer who watched over Hicks testified: "After he was handcuffed[,] he was not a threat." The officer stated further that "at the time [police] made the decision to continue part two of the search[, Hicks] was not a threat," since he was handcuffed, had no weapon, was under continuous watch, was outside the house, and presented no danger. See *Ealum*, supra, 283 Ga. App. at 802 (no exigent circumstances where one of the officers "explicitly testified that there was no reason to believe that anybody was in danger") (punctuation omitted).

The handcuffing of a weaponless Hicks and the police's placement of him outside the house under the continuous watchful eye of an armed officer removed any exigent circumstances involving danger to the officers or the public, for Hicks could no longer access any weapons inside the home. Indeed, we have previously held that handcuffing a car's driver and securing his keys "dispelled the exigent circumstances," *McKinney v. State*,[13] as there was "no earthly way" the driver could present a danger of accessing contraband or weapons in the car. *Hardwick v. State*.[14] See *State v. Duncan*[15] ("there were no exigent circumstances" where "the driver was arrested,

[12] *State v. Ealum*, 283 Ga. App. 799, 802 (643 SE2d 262) (2007).

[13] *McKinney v. State*, 155 Ga. App. 930, 932 (1) (273 SE2d 888) (1980), overruled on other grounds, 184 Ga. App. 607, 610 (2) (362 SE2d 65) (1987).

[14] *Hardwick v. State*, 149 Ga. App. 291, 293 (4) (254 SE2d 384) (1979), overruled on other grounds, *McKinney*, supra, 184 Ga. App. at 610 (2).

[15] *State v. Duncan*, 253 Ga. App. 830, 831 (560 SE2d 720) (2002).

handcuffed, and the keys secured"). See also *Phillips v. State*.[16] Similarly, the Supreme Court of Georgia has held that where a home's occupants were placed in a police car, no exigent circumstances of danger (through access to the weapons in the home) existed to justify a subsequent warrantless search of the home. *Satterfield v. State*.[17] Thus, *Satterfield* concluded that "[t]he introduction of the shotgun [found during the search] was error." Id. See *Davis v. State*[18] (where child was outside residence containing contraband, no warrantless entry was justified by the need to protect or preserve life or avoid serious injury). Compare *Gilreath v. State*[19] (heavy odor of gasoline emanating from residence combined with view of body therein justified warrantless entry).

As an alternative, the State argues that the search was justified as a search incident to an arrest. See OCGA § 17-5-1 (a) ("When a lawful arrest is effected a peace officer may reasonably search the person arrested and the area within the person's immediate presence. . . ."). However, even assuming Hicks was arrested in his kitchen (despite the officer's testimony that he was only detained) before he was taken outside, "[a] search of the bedroom was not justified as incident to the arrest," as the bedroom was certainly not an area within his immediate presence at the time of his arrest. (Punctuation omitted.) *Brannon v. State*.[20] See *Lentile v. State*[21] (arrest in one room of house does not justify warrantless search of entire house for contraband). Thus, this alternative argument also fails.

For these reasons, no evidence supported the trial court's finding of exigency. We are therefore constrained to hold that the trial court erred in denying Hicks's motion to suppress the evidence found during the second search. "Accordingly, [Hicks's] conviction . . . must be reversed, and [Hicks] is entitled to a new trial on this charge." *Threatt v. State*.[22] See *Welchel v. State*.[23]

*Judgment reversed. Ruffin and Bernes, JJ., concur.*

DECIDED AUGUST 3, 2007.

*Douglas R. Woodruff*, for appellant.

---

[16] *Phillips v. State*, 233 Ga. 800, 802 (213 SE2d 664) (1975).

[17] *Satterfield v. State*, 256 Ga. 593, 597 (4) (351 SE2d 625) (1987).

[18] *Davis v. State*, 262 Ga. 578, 582-583 (3) (422 SE2d 546) (1992).

[19] *Gilreath v. State*, 247 Ga. 814, 821 (1) (279 SE2d 650) (1981).

[20] *Brannon v. State*, 231 Ga. App. 847, 849 (500 SE2d 597) (1998).

[21] *Lentile v. State*, 136 Ga. App. 611, 613-614 (1) (222 SE2d 86) (1975).

[22] *Threatt v. State*, 240 Ga. App. 592, 597 (1) (524 SE2d 276) (1999).

[23] *Welchel v. State*, 255 Ga. App. 556, 560 (565 SE2d 870) (2002).

*Herbert E. Franklin, Jr., District Attorney*, for appellee.