## A07A1883. DUNN v. THE STATE.
### (657 SE2d 649)

SMITH, Presiding Judge.

Julian Dunn appeals from his convictions for attempting to manufacture methamphetamine, conspiracy to manufacture methamphetamine, possession of methamphetamine, and impeding the flow of traffic. Dunn contends that the trial court erred by denying his motion to suppress and by failing to give a specific venue charge to the jury. He further contends that insufficient evidence supports his conviction for impeding traffic flow. For the reasons set forth below, we affirm.

1. When "reviewing a trial court's ruling on a motion to suppress, evidence is construed most favorably to uphold the findings and judgment. The court's findings of fact will not be disturbed if there is any evidence to support them. We consider evidence from both the motion to suppress hearing and the trial." (Citations, punctuation and footnote omitted.) *Hicks v. State*, 287 Ga. App. 105 (650 SE2d 767) (2007).

So viewed, the record shows that a Georgia state trooper saw Dunn driving a truck in the far right lane of Interstate 75 at approximately 25 to 30 m.p.h. When the trooper pulled his car beside Dunn's truck to determine if there was "some type of problem," Dunn pulled off the interstate and stopped in the outside emergency lane. The trooper stopped and parked his car in the median, because traffic was backed up too much for him to pull behind Dunn. The trooper did not activate his blue lights before Dunn pulled over and stopped.

After the trooper crossed the interstate during a break in traffic, he saw Dunn get out of the truck and reach into the truck bed. The trooper asked Dunn for his license, and according to his testimony, he believed that he called it in to determine its validity. The trooper then asked Dunn about his destination, and Dunn's response did not make sense to the officer based upon Dunn's current location. During his interaction with Dunn, the trooper noticed that Dunn was very nervous, very edgy, red-eyed, and shaky. The trooper thought this was unusual because, in his experience, people with car trouble usually are happy to see him and are smiling.

Based upon Dunn's demeanor and appearance, the trooper suspected "drugs" and asked "if I could pat him down." Dunn raised his arms and said "sure." The trooper acknowledged that he did not ask to search Dunn's person and that he did not have any concerns about his safety. Before the trooper began patting down Dunn, he saw a piece of plastic bag sticking out of the right watch pocket of Dunn's jeans. When the trooper touched the outside of this pocket, he felt a small package containing a powdery substance that he believed, based upon his experience, was either cocaine or methamphetamine. The trooper retrieved the package, and its appearance confirmed his suspicions. He then called for backup.

While he waited for backup to arrive, he looked inside the truck where he saw ephedrine tablets, lithium batteries, and coffee filters with a residue on them. A complete search of the truck revealed methamphetamine, scales, syringes, and a partial recipe for methamphetamine production.

Dunn contends that the trial court should have granted his motion to suppress because the pat-down search was illegal. According to Dunn, the officer's testimony that he was not fearful renders the initial pat-down illegal. Dunn also asserts, in the alternative, that the officer exceeded the valid scope of a pat-down when he reached inside his watch pocket to retrieve the plastic bag.

(a) We find no merit in Dunn's argument that the officer's pat-down was illegal. The evidence shows that Dunn consented to the pat-down during the course of the officer's investigation into an impeding traffic charge. "[T]he Fourth Amendment is not violated when, during the course of a valid traffic stop, an officer requests of the driver consent to conduct a search." (Citation omitted.) *Blitch v. State*, 281 Ga. 125 (1) (636 SE2d 545) (2006); see also *Salmeron v. State*, 280 Ga. 735 (1) (632 SE2d 645) (2006). Indeed, "officers generally may request consent to search even when they have no basis for suspecting a particular individual." (Citation omitted.) *State v. Johnson*, 282 Ga. App. 102, 105 (637 SE2d 825) (2006).

(b) Likewise, Dunn's claim that the officer exceeded the scope of his consent to a pat-down search also fails. "Under the plain feel doctrine, if, during a lawful pat-down search, an officer feels an object whose contours or mass makes it immediately identifiable as contraband, that officer can seize the item." *State v. Henderson*, 263 Ga. App. 880, 883 (589 SE2d 647) (2003). An officer need not " 'conclusively identify' what type of drug [the defendant] was carrying in order for the 'plain feel' doctrine to make the seizure of the contraband lawful." (Citations and punctuation omitted.) *Holmes v. State*, 267 Ga. App. 651, 653 (601 SE2d 134) (2004).

In this case, the trooper testified that he saw a plastic bag sticking out of Dunn's pocket and that he felt a powdery substance in

the bag that he believed was cocaine or methamphetamine. As a result, the trooper was authorized to remove the bag from Dunn's pocket. *Seaman v. State*, 214 Ga. App. 878, 879 (2) (449 SE2d 526) (1994).[1]

2. Dunn contends that the trial court erred by failing to give a pattern jury charge on venue in conspiracy cases.[2] According to Dunn, the jury could have concluded from the evidence that one of the overt acts of conspiracy to manufacture methamphetamine took place outside Tift County. See *Jones v. State*, 135 Ga. App. 893, 899-900 (7) (219 SE2d 585) (1975). The record, however, shows that Dunn waived this issue because he never requested such a charge.

> [G]enerally, it is not reversible error for the trial court to fail to give a request to charge that is not submitted in writing by the complaining party. Such failure constitutes reversible error only where the omission is clearly harmful and erroneous as a matter of law in that it fails to provide the jury with the proper guidelines for determining guilt or innocence.

(Citations and punctuation omitted.) *Callaway v. State*, 247 Ga. App. 310, 317 (3), n. 18 (542 SE2d 596) (2000).

Even if this issue were not waived, we find that the trial court's charge adequately covered the issue of venue. The trial court charged the jury on venue generally and also charged the jury that it must find that Dunn committed conspiracy to manufacture methamphetamine, as previously defined by the trial court, in Tift County. The trial court's charge on conspiracy to manufacture methamphetamine included the element of an overt act by a co-conspirator. Therefore, the trial court's charge, taken as a whole, informed the jury that it must find that an overt act in furtherance of the conspiracy took place in Tift County.

3. In his remaining enumeration of error, Dunn asserts that insufficient evidence supports his conviction for impeding the flow of traffic. OCGA § 40-6-184 (a) (1) provides: "No person shall drive a

---

[1] Our opinion in *Henderson*, supra, does not require a different result. In *Henderson*, we distinguished *Seaman*, supra, based upon the absence of two facts that are present in this case. 263 Ga. App. at 884-885. Both here and in *Seaman*, the officer saw a plastic bag protruding from the defendant's pocket. *Seaman*, 214 Ga. App. at 879. In *Henderson*, the officer did not see a plastic bag. We also pointed out in *Henderson* that the standard of review requires that we defer to the trial court's findings of fact and affirm its grant of the motion to suppress. 263 Ga. App. at 885. In this case, the trial court denied the motion to suppress and we must construe all inferences in favor of that ruling. *Hicks*, supra, 287 Ga. App. 105.

[2] "In a prosecution for the (separate) offense of conspiracy to commit the crime of [manufacturing methamphetamine], as alleged in this indictment, the crime shall be considered to have been committed in any county in which an overt act was committed to further [that] conspiracy." Suggested Pattern Jury Instructions, Vol. II, § 1.51.15.

motor vehicle at such a slow speed as to impede the normal and reasonable movement of traffic, except when reduced speed is necessary for safe operation."

On appeal, we must view the evidence in the light most favorable to the verdict. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). So viewed, the evidence shows that Dunn's truck was "traveling at a low rate of speed," approximately 25 to 30 m.p.h., on an interstate highway with a minimum posted speed limit of 40 m.p.h. The officer also testified "that traffic was getting backed up behind" Dunn's truck. We find this evidence sufficient to support Dunn's conviction under the standard set forth in *Jackson*, supra.

*Judgment affirmed. Barnes, C. J., and Miller, J., concur.*

DECIDED FEBRUARY 13, 2008 

*L. Elizabeth Lane*, for appellant.

*C. Paul Bowden, District Attorney, Kevin E. Hutto, Assistant District Attorney*, for appellee.