### A09A1906. THE STATE v. COSBY.
(690 SE2d 519)

PHIPPS, Judge.

Gene Cosby, Jr., was indicted for burglary. The trial court granted Cosby's motion to suppress twenty-four rings and three pairs of earrings seized from his pocket, on the ground that their seizure exceeded the scope of a pat-down search performed under *Terry v. Ohio*.[1] The state appeals, arguing, inter alia, that the plain feel doctrine set forth in *Minnesota v. Dickerson*[2] authorized the officer to seize the jewelry after feeling it during the pat-down search. Finding that the seizure was authorized, we reverse.

The pertinent evidence is uncontroverted, and no question regarding the credibility of witnesses is presented; thus, we review the trial court's application of the law to the undisputed facts de novo.[3]

On August 28, 2008, a woman discovered a man in her driveway as she left her house to run a brief errand. She told the man that he was on private property, and he left. The woman proceeded on her errand. About 15 minutes later, as she was returning to her house, the woman passed the man again. When she entered her house, the woman immediately discovered that several pieces of her jewelry were missing, primarily rings. She called the police, who responded "immediately," and she reported the theft. She told the police about seeing the man in her driveway, gave the police a description of him, and told them where she had last seen him. The officers left in search of the man. Within ten minutes, they saw Cosby emerging from behind a house onto a driveway near the location identified by the woman. Cosby matched the description she had provided.

The officers detained Cosby at the scene. One of the officers

---

[1] 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968).
[2] 508 U. S. 366 (113 SC 2130, 124 LE2d 334) (1993).
[3] *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

advised Cosby that he was being detained because he matched the description of someone suspected of burglarizing a house shortly before and informed Cosby that he was going to conduct a pat-down search for weapons. This officer testified that, because Cosby matched the description of the person suspected of the burglary that had occurred shortly beforehand, and based on his past experience with burglary suspects, he believed that Cosby might be carrying a burglary tool that could be used as a weapon. During the search, the officer felt in Cosby's front pocket items that he believed were rings. The officer then handcuffed Cosby and advised him he was being arrested, after which the officer extracted the jewelry from Cosby's pocket.

In granting Cosby's motion to suppress, the trial court held that the seizure of the jewelry from his pocket was an impermissible extension of a *Terry* pat-down search, citing *Minnesota v. Dickerson*.[4] In *Dickerson*, the United States Supreme Court approved the "plain feel" corollary to the "plain view" doctrine, under which, "if police are lawfully in a position from which they view an object, if its incriminating character is immediately apparent, and if the officers have a lawful right of access to the object, they may seize it without a warrant."[5] The *Dickerson* court extended the plain view doctrine to items felt on a suspect during a *Terry* pat-down search, reasoning:

> If a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons [pursuant to *Terry*]; if the object is contraband, its warrantless seizure would be justified by the same practical considerations that inhere in the plain-view context.[6]

The parties dispute whether the officer was authorized under *Terry* to conduct the pat-down search. *Terry* permits

> a reasonable search for weapons for the protection of the police officer, where he has reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual for a crime. The officer need not be absolutely certain that the

---

[4] Supra.

[5] Id. at 375 (II) (B) (citations omitted); see *Seaman v. State*, 214 Ga. App. 878, 879 (2) (449 SE2d 526) (1994).

[6] *Dickerson*, supra at 375-376 (footnote omitted).

VALDLAW LIBRARY

individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger. And in determining whether the officer acted reasonably in such circumstances, due weight must be given, not to his inchoate and unparticularized suspicion or "hunch," but to the specific reasonable inferences which he is entitled to draw from the facts in light of his experience.[7]

We have held that implicit in this rule of law are the requirements that the officer must have "actually concluded that the suspect was armed or a threat to personal safety" and must be able to "articulate a basis for his conclusion so that a protective pat-down would not be unreasonable in the given set of circumstances."[8]

Here, when the officer conducted the pat-down search of Cosby, he knew that a burglary had been reported less than an hour before, that Cosby matched the description of the suspected burglar, and that Cosby was found emerging from behind a house in the vicinity where the suspected burglar was last seen. The officer testified that he believed that Cosby might be carrying burglary tools that could be used as weapons.[9] A reasonably prudent person under these circumstances would have been warranted in believing that his safety or that of others was in danger.[10] Thus, the officer was authorized to take appropriate self-protective measures, and his act of conducting a pat-down search of Cosby to search for a weapon was constitutionally permissible.[11]

The trial court concluded, however, that the plain feel doctrine did not authorize the officer to seize the jewelry felt during the pat-down because he knew it was neither "contraband" nor a weapon. But the officer's uncontroverted testimony was that he believed the items he felt in Cosby's pocket to be rings, and he knew that a person matching Cosby's description was suspected of stealing numerous rings a short time before in a nearby neighborhood. An item may be seized under the plain view doctrine if the officer has

---

[7] *Terry*, supra at 27 (III) (citations and footnote omitted); see *Edwards v. State*, 264 Ga. 615, 616 (2) (449 SE2d 516) (1994).

[8] *Parnell v. State*, 280 Ga. App. 665, 670 (2) (b) (634 SE2d 763) (2006).

[9] Compare *Edgell v. State*, 253 Ga. App. 775, 778 (560 SE2d 532) (2002) (*Terry* pat-down not authorized where officer testified that he had no fear that defendant was either armed or engaged in criminal activity, but had performed search as matter of routine).

[10] See *Parnell*, supra. See generally *Sibron v. New York*, 392 U. S. 40, 67 (V) (88 SC 1889, 20 LE2d 917) (1968) (burglary tool felt during pat-down incident to arrest of suspected burglar might have been used as weapon and was properly seized).

[11] *Parnell*, supra.

probable cause to believe it was stolen,[12] and we find nothing in *Dickerson* to suggest that the Supreme Court established a different rule for the seizure of items detected under the plain feel doctrine. To the contrary, the *Dickerson* Court used the term "contraband" to describe stolen property in discussing the facts of another case.[13]

In this case, the officer explained that he immediately determined the items in Cosby's pocket were rings through the pat-down, without further manipulation of the items, because they were not "solid" (unlike coins) and because they had "objects on top" that felt like "stones or gems."[14] And the officer's knowledge that a man matching Cosby's description was suspected of stealing numerous rings shortly beforehand and nearby gave the officer probable cause to believe that the items he felt in Cosby's pocket were the stolen rings.[15] Had the rings been in the officer's plain view when he detained Cosby, the officer clearly could have seized them under the plain view doctrine.[16] Accordingly, the seizure was authorized under the plain feel doctrine.[17] The trial court erred in granting Cosby's motion to suppress.

*Judgment reversed. Smith, P. J., and Bernes, J., concur.*

DECIDED FEBRUARY 3, 2010.

*Paul L. Howard, Jr., District Attorney, Elizabeth A. Baker, Assistant District Attorney*, for appellant.

---

[12] See *Arizona v. Hicks*, 480 U. S. 321, 326 (III) (107 SC 1149, 94 LE2d 347) (1987).

[13] See *Dickerson*, supra at 378-379 (III) (describing facts in *Arizona v. Hicks*, supra, that gave police officers "probable cause to believe that [stolen] stereo equipment was contraband").

[14] Compare *Dickerson*, supra at 378 (upholding suppression of lump of crack cocaine found in defendant's pocket, where officer identified it only after squeezing, sliding and otherwise manipulating contents of pocket during *Terry* pat-down); *State v. Henderson*, 263 Ga. App. 880, 884 (589 SE2d 647) (2003) (upholding suppression of plastic bag of narcotics found in defendant's pocket because officer offered no testimony that he felt anything unique about the package which would indicate that narcotics were contained within the package).

[15] See generally *Miller v. State*, 261 Ga. App. 618, 620 (1) (583 SE2d 481) (2003) (probable cause required that officer have facts that would warrant person of reasonable caution to believe that certain items may be stolen property).

[16] See id. at 619 (1) (under plain view doctrine, officer must be lawfully in position to observe evidence, must discover evidence inadvertently, and must have probable cause to associate evidence with criminal activity).

[17] See *Seaman*, supra at 879-880 (2) (warrantless seizure of baggie of marijuana from suspect's pocket was authorized under plain feel doctrine, where it was felt during properly performed pat-down by officer who recognized what it was from his years of experience as narcotics officer, and where there was no evidence that officer had manipulated baggie before identifying it). See generally *Dickerson*, supra (plain view doctrine analysis may be applied to items felt during lawful search).

YALE LAW LIBRARY

*Dana S. Fleming, Kenneth D. Kondritzer*, for appellee.