**FOURTH DIVISION**
**DILLARD, P. J.,**
**RICKMAN and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 2, 2023**

# In the Court of Appeals of Georgia

A23A1128. JACKSON v. THE STATE.

RICKMAN, Judge.

Following a jury trial, Larry Jackson, III appeals from his conviction for possession a firearm while a convicted felon. On appeal, Jackson contends that the trial court erred by denying his motion to suppress the shotgun recovered from his home. For the following reasons, we reverse.[1]

---

[1] We note that the State's brief was due on April 10, 2023, 20 days after the appellant's brief was filed. Despite being ordered to file on May 5, 2023, the State did not file its brief until June 5, 2023. We remind the State that pursuant to Court of Appeals Rule 23 (b), "[a] brief shall be filed by the State when it is the appellee in the appeal of a criminal case. The State's representative may be subject to sanctions, including contempt, for failing to file a timely responsive brief." Although we decline to issue a contempt finding here, future violations may not be treated with such leniency.

"On reviewing a trial court's ruling on a motion to suppress, evidence is construed most favorably to uphold the findings and judgment. The court's findings of fact will not be disturbed if there is any evidence to support them." (Citation and punctuation omitted) *Hicks v. State*, 287 Ga. App. 105, 105 (650 SE2d 767) (2007).

So construed, the evidence showed that an officer responded to a disorderly conduct call to assist other officers. The officer testified that when he arrived another officer came over and advised that "he was able to somewhat de-escalate the situation, got the wife and kids out of the house, but that Mr. Jackson was still inside and still being disorderly and armed with an orange knife in his right pocket." Jackson was in the process of gathering his belongings, and told the officer it would take him multiple trips to get his things out of the residence. Jackson asked the officers to leave and told them they had no reason to be there and he refused to leave until the officers left.

The wife advised the officer that there was a firearm in the residence located inside the closet in the bedroom she shared with Jackson. The officer testified that he thought it was "most likely" that Jackson had more items in that closet and room so he went to confirm if there was actually a firearm in there. When Jackson returned to

the room, the officer recovered the shotgun for safekeeping. When the officer discovered that Jackson was a convicted felon, he arrested Jackson.

Jackson filed a motion to suppress the shotgun recovered from his home. The trial court denied the motion and stated that:

> [The officer] stated that when he arrived to the residence, law enforcement was already in the home. The officer stated that the police were initially contacted by a caller, thought to be [Jackson's] father-in-law, who relayed [Jackson] was not allowing his wife or children to leave the home. The caller further relayed that the situation was escalating quickly. No other evidence was presented on the issue. Although sparse, enough evidence was presented for the [c]ourt to find that law enforcement had a reasonable basis to enter the home based on a call regarding a quickly escalating domestic situation that could have been a threat to both the wife and children.

The case proceeded to a jury trial and Jackson was convicted of possession of a firearm by a convicted felon.[2] Jackson filed a motion for new trial which was denied by the trial court. This appeal follows.

Jackson contends that the trial court erred by denying his motion to suppress the shotgun recovered from his home. We agree.

---

[2] Jackson was also charged in an accusation with obstruction of an officer, but the State moved to nolle prosse that count prior to trial.

"[W]arrantless intrusion of a person's home is prohibited by the Fourth Amendment, absent consent or a showing of exigent circumstances." *State v. Ealum*, 283 Ga. App. 799, 801 (643 SE2d 262) (2007). "It has been repeatedly held that reasonable concern for a victim's welfare justifies a warrantless entry." (Citation and punctuation omitted.) *State v. Driggers*, 306 Ga. App. 849, 851 (1) (702 S.E.2d 925) (2010). "The state bears the burden of proving the lawfulness of such a search." *Ealum*, 283 Ga. App. at 801; see OCGA § 17-5-30 (b) ("the burden of proving that the search and seizure were lawful shall be on the state").

Here, the evidence showed that officers received a call about a potential domestic disturbance at a residence and that call was sufficient to show that the wife and children may have been in danger. Thus, the officers initial warrantless entry into the home was justified. Following their entry, the officers were able to de-escalate the situation and the wife and children were escorted out of the home.

The issue, however, is whether after the wife and her children were outside of the house and Jackson was collecting his belongings, the officer was justified in re-entering the house without a warrant, consent, or exigent circumstances. "An officer's conduct immediately after a legal entry must be carefully limited to achieving the objective which justified the entry: the officer may do no more than is reasonably

4

necessary to ascertain whether someone is in need of assistance and to provide that assistance." (Citation and puncution omitted.) *Driggers*, 306 Ga. App. at 852 (2) (b).

There was no evidence presented that the wife was still in danger at the time she and Jackson were outside the home. Jackson was not charged with any crime related to the domestic disturbance. There were no exigent circumstances present to justify the officer's re-entry into the home to confirm that there was a firearm in the closet and again when he ultimately retrieved that firearm. Accordingly, the State has failed to carry its burden of establishing that exigent circumstances existed to support the warrantless re-entry into Jackson's home and thus the seizure of the firearm was the fruit of an illegal search. See *Driggers*, 306 Ga. App. at 852 (2) (b); *Ealum*, 283 Ga. App. at 802.

*Judgment reversed. Dillard, P. J., and Pipkin, J., concur.*